STATE EX REL. THEIN, Respondent, vs. CITY OF MILWAUKEE and others, Appellants.

*September 12—October 11, 1938.*

For the appellants there were briefs by *Walter J. Mattison,* city attorney, and *Ronold A. Drechsler,* assistant city attorney, and oral argument by *Mr. Drechsler.*

For the respondent there was a brief by *Robert J. Gunnis* and *Niven & Mullaney,* all of Milwaukee, and oral argument by *John M. Niven.*

FAIRCHILD, J. The trial court was of the opinion that a new position was created in 1923, that the plaintiff was entitled to seniority rights based upon his standing in the promotional examination which was held in that year, and that

the former position with which the defendants seek to identify the relator was abolished, with the result that all rights of seniority pertaining thereto came to an end. These conclusions of the trial court are based upon evidence showing a well-defined plan to reorganize the work of the department and to create new positions which would require greater qualifications on the part of the inspectors.

Thirty-six of the old inspectors took the promotional examination. Seven failed because they were not qualified to perform all of the duties of the new position, and they were dropped from the service. For several years no question was raised as to the creation of a new position, the employees, the commission, and the board all acting upon the assumption that an entirely new classification had been created.

Sec. 16.50, Stats. 1921, provided that the city service commission should classify all offices and positions in the service; sec. 16.51 provided that the commission should adopt rules adapted to carrying out the purposes of the act for the examination and selection of persons to fill offices and positions in the service. In accordance with this rule-making power the city service commission adopted the following rule:

"Section 21. *New Positions.* Report of the creation of a new position shall be made immediately to the commission by the department head, together with a statement of the general duties and responsibilities and other information affecting the classification and examination for such position. The commission shall promptly investigate and determine whether such position has been properly created and whether it is similar to positions already classified or whether it is different from any classified position. No position shall be considered different unless the duties thereof and the examination requirements are found to be substantially different from those of every other position as at present classified. When the commission finds the position to be different and properly created it shall classify such new position."

When the commission in 1923 determined, after investigation, that the new position should be classified, it made a decision affecting the rights of all inspectors previously employed. So far as appears, none of the old inspectors made any objection to the change at that time, although some lost their positions entirely and others lost seniority. The decision of the commission having been within its powers, and° no timely attack having been made upon it by those whose rights were affected, to reverse that decision more than ten years later would be an unjustifiable interference with the rights then determined. It would be contrary to the principle of security which is such an important consideration in the civil-service law. The employees who are resisting the application of the relator took the examination, received a rating thereunder, and accepted positions in the new classification. They are not now in a position, after ten or twelve years have elapsed, to question the determination which the commission made in 1923.

The appellants contend that no new position was created, because in practice the men have performed the same duties under the new classification. It appears that the plan for combining the duties of inspectors did not prove successful, and that most of the men have done much the same work as previously. They complain of the failure of the trial court to find as a matter of fact that the work done by relator thereafter was similar to that done by him before the new classification was made. But such a finding could not affect the result. The duties and responsibilities were different.

There is a rule that a new classification cannot be created by giving a new title to a position which involves the same duties as a position previously known by another title. But the reason for that rule is that such a change in name only with no change in duties indicates bad faith in creating the new position. In the present case, there is no evidence of bad faith, and it is undisputed that there was a good-faith

intention to create new positions of greater responsibility than the old. The fact that the work done under the new arrangement eventually proved to be very much like the old is not controlling, although it was evidence to be considered on the question of good faith. The higher qualifications necessary for the new position, the dropping of those who °could not meet the new standard, the payment of salaries for the new positions all show that in fact a new classification was created.

Civil-service laws are not intended to prevent good-faith reorganization with a view to securing greater efficiency. The cases referred to by the appellant are authority for the rule that civil-service laws are not to be evaded by a sham abolition of an old position for the purpose of ousting an incumbent, but on the other hand the civil-service laws are not intended to interfere with a municipality combining the duties of one civil-service position with those of another, even though this results in some persons being dropped from the service. *State ex rel. Voris v. Seattle,* 74 Wash. 199, 133 Pac. 11.

We are of the opinion that the circuit court correctly found that the new position required greater ability than the old. It was intended to impose new duties upon those fulfilling the requirements. Although the plan for inspection work by districts has not been consistently followed, ability to do all types of inspection work has been demanded of all persons holding positions since 1923. The failure to employ this ability to the full does not affect the result. Whether a new position was created must now depend upon the good faith exercised in the creation of a new classification, together with the facts that the duties and qualifications of the new position are greater than those of the old.

*By the Court.*—Judgment affirmed.