Unger, Appellant, vs. Gregory and others, Respondents.

*June 4—June 22, 1946.*

162

*Max Raskin* of Milwaukee, for the appellant.

For the respondents there was a brief by *William J. McCauley,* district attorney of Milwaukee county, and *O. L. O'Boyle,* corporation counsel, and oral argument by *Mr. O'Boyle.*

FAIRCHILD, J. Sec. 17.05 (3), Ordinances, Milwaukee county board, reads: "No office, position or employment shall be considered new unless the duties thereof are found by the commission to be substantially different from those of every other existing position in the county classified service." The trial court has found that the civil service commission of Milwaukee county did make such a determination. It has further found that there was no bad faith or intent to treat anyone unfairly on the part of the civil service commission in creating such position. The reason for the rule that a new classification cannot be created by giving a new title to a position involving the same duties is because such a change in name only with no change in duties indicates bad faith in creating the new position. *State ex rel. Thein v. Milwaukee* (1938), 229 Wis. 12, 281 N. W. 653. Here, there is no evidence of bad faith and it is conceded that none existed. Mr. Coffey was interested in facilitating collections of accounts in Milwaukee county and considered that a reclassification and reorganization of positions would accomplish that purpose. Although the social investigators had, incidentally, made some collections, it now became important to create a

position in which the employee was concerned wholly with collections and should be one specially qualified by training and disposition for the work.

Consequently, if there is evidence to support the trial court's finding that the civil service commission complied with the Milwaukee county ordinance by finding that the duties of the new position are substantially different from those of the old position, judgment must be affirmed. And the evidence adduced by appellant to the effect that in some particulars there is a similarity of the duties, salary, and qualifications is not controlling.

One of the members of the civil service commission testified that the recommendation of Mr. Coffey was taken under advisement and was referred to a classification examiner, whose duty it was to check into the duties involving the new classification; that after about two weeks he made his report to the commission, "and the commission then discussed the report and decided that there was justification for a new classification, for while we did not have investigators—financial investigators—their duties were to find out what money clients had and what their properties were and whether they were eligible to relief from the county, and these new collectors, their duties were to find out what money they had, and then get it out of these clients for the county, which after all is quite a different thing; it takes a different type of person to actually extract the money from the clients, and turn it over to the county officers. And on that basis we decided that there was justification for a new classification of collectors."

There is, it is true, language in a resolution subsequently passed on September 20, 1943, reversing a previous decision of the commission to reopen the examination for the new position, which might imply that the commission was contradicting the former finding as to the substantial difference in duties. The clause in question read: "Whereas, it was subsequently discovered that said positions could not be filled by

a promotional examination for the reason that the group of employees who could qualify as candidates for any such examination were already occupying positions of the same salary bracket and would be performing the same duties as they are presently performing. . . . "Nevertheless, bearing in mind the weight to be given findings of fact, we cannot overrule the determination of the court that the original decision of the civil service commission that there existed substantial differences in duties amounting to a new position controlled.

*By the Court.*—Judgment affirmed.