STATE EX REL. SALVESEN, Appellant, vs. CITY OF MILWAUKEE and others, Respondents.

*September 12—October 22, 1946.*

*Robert J. Gunnis* of Milwaukee, for the appellant.

For the respondents there was a brief by *Walter J. Mattison,* city attorney, and *Richard F. Maruszewski,* assistant city attorney, and oral argument by *Mr. Maruszewski.*

For the interpleaded defendant and respondent, George Gauer, there was a brief by *Gauer & Buer* of Milwaukee, and oral argument by *Robert J. Buer*.

RECTOR, J.   The extent of the appellant's seniority rights is measured by rules adopted by the Milwaukee city service commission.   Sec. 1 of Rule XII provides that seniority rights shall be respected in the event of layoffs provided efficiency is equal.   Sec. 2 of Rule XII provides in part:

"Seniority shall be calculated from the time of assumption of duties as a regular employee in the position in question . . . and in the particular department, bureau, office or place of employment as recognized by the commission."

Sec. 3 of Rule XII provides:

"Relative seniority shall be determined within the respective departments, bureaus or subdivisions thereof, offices or places of employment as designated by the commission . . . and . . . the commission may, in any case where there are persons in any department, bureau or subdivision thereof, office or place of employment working under the same title but with such a difference in nature of work or degree of responsibility as to make it advisable to do so, establish separate seniority lists for different groups therein. . . ."

We have only to determine how seniority must be computed under these rules.   It is very clear to us that under their broad authority the commission was entitled to compute seniority within bureaus of the department of public works as distinguished from the department as a whole.   It is literally empowered to designate whether seniority shall be determined upon the basis of departments, bureaus, or subdivisions thereof.

Our attention is called to *State ex rel. Thein v. Milwaukee* (1938), 229 Wis. 12, 281 N. W. 653, and it is argued that we there held that the seniority of a public-works inspector

must be computed on a departmental basis. That question was not involved in the case. We were there concerned with determining the comparative seniority of two inspectors employed within the same bureau. We held that the city had established the position of public-works inspector in 1923 to supersede inspectional positions which had been created upon the basis of bureaus within the department and that the seniority of an inspector in an abolished position could not be added to his seniority in the new position. That question is not involved in this case.

We cannot agree with the further contention that sec. 16.68, Stats., is determinative of the case. It is there provided that no employee shall be removed, discharged, or reduced in rank except for just cause which shall be neither religious nor political, and it is argued that to deprive the appellant of seniority rights based upon his original employment would amount to a demotion. The statute says nothing of seniority, nor is it required that layoffs be based upon seniority. A seniority status implying preferential treatment as to layoffs is not inherent in civil-service status under that section. The seniority status arises out of the rules defining its purpose and prescribing the method of its calculation.

We have considered the various cases cited by both counsel dealing with the authority of the city service commission, first, to promulgate seniority rules at all, and, second, to establish a seniority status upon the basis of subdivisions within a department. It is unnecessary to discuss these cases for two reasons: (1) The respondents assert authority to promulgate seniority rules and it is necessary to appellant's case that such authority exist. (2) The applicable rules are clear and explicit and speak for themselves.

There seems to be a difference of opinion as to whether calculation of seniority upon the basis of bureaus came into being after appellant was employed. It is his contention that originally it was on a departmental basis and that it was changed

without his knowledge. It is unnecessary to examine into this question. Appellant has no vested right in any particular method of calculating seniority. Moreover, prescribing the method of such calculation is an administrative matter concerning which he is entitled to no notice in the absence of a statute requiring it. So far as we are advised, there is no such statute.

It is also argued that the case is not a proper one for a summary judgment. We have found no dispute in the facts save in the respect just set forth and we have pointed out that this difference is not significant. The material issues are legal rather than factual and the case falls squarely within the purpose of sec. 270.635, Stats., the summary-judgment statute.

*By the Court.*—Judgment affirmed.