Joyce L. CAMPANA, Plaintiff–Appellant,

v.

CITY OF GREENFIELD, et al., Defendants–Appellees.

No. 01–3874.

United States Court of Appeals, Seventh Circuit.

Argued April 25, 2002.

Decided June 24, 2002.

Before Hon. RICHARD D. CUDAHY, Hon. KENNETH F. RIPPLE, Hon. ILANA DIAMOND ROVNER, Circuit Judges.

## ORDER

The city of Greenfield, Wisconsin hired Joyce Campana as its treasurer in 1991. A few years later, city aldermen voted to consolidate the treasurer and comptroller departments. As a result, Ms. Campana lost her job. She sued the defendants alleging sex discrimination and violation of her due process rights. The district court granted summary judgment to the defendants, and Ms. Campana appeals. We affirm.

The treasurer position held by Ms. Campana was a civil service and not an elected position. Shortly after accepting the job, Ms. Campana suggested to city officials that the treasurer and comptroller departments would operate more efficiently if combined. She proposed that the consolidated department be put under her control and that the then-vacant position of comptroller be eliminated. The city did not adopt Ms. Campana's proposal, and instead filled the vacant comptroller position.

A few years later, aldermen began examining ways to consolidate city departments and revisited Ms. Campana's suggestion to combine the treasurer and comptroller departments. But unlike Ms. Campana's plan (in which she would have served as head of the consolidated department), the plan that the aldermen eventually approved put the consolidated department under the control of the newly created position of finance director. Current comptroller Milton Vandermeuse, not Ms. Campana, became the new finance director.

City residents subsequently petitioned to hold a referendum, which under Wisconsin law would permit voters to decide

whether the consolidation ordinance should take effect. Voters determined in an April 1998 referendum that it should. The day after the referendum, the mayor delivered a letter to Ms. Campana terminating her.

Ms. Campana filed suit against the city and city officials, alleging sex discrimination under Title VII, 42 U.S.C. § 2000e–2(a), violation of the Equal Pay Act, 29 U.S.C. § 206(d)(1), and violation of her due process rights under § 1983 and the Fourteenth Amendment. The district court granted summary judgment to the defendants on all of Ms. Campana's claims, and Ms. Campana timely appealed.

Ms. Campana challenges only that part of the district court's order concerning her due process claim. Her complaint alleged that the defendants deprived her of a property right without due process when they fired her without a hearing. We determine first whether Ms. Campana had a property interest in her job by looking to state law. *Ulichny v. Merton Cmty. School Dist.*, 249 F.3d 686, 699–700 (7th Cir.2001). Under Wisconsin law, public employees have a property interest in continued employment if they can be terminated only for just cause. *Milwaukee Dist. Council 48, Am. Fed'n of State, County & Mun. Employees v. Milwaukee County*, 244 Wis.2d 333, 627 N.W.2d 866, 878 (Wis.2001). But Wisconsin law recognizes a "reorganization exception" to public employees' property interests in continued employment. Under that exception, employees do not have a property interest in continued employment if their job was eliminated by a reorganization. *Dane Co. v. McCartney*, 166 Wis.2d 956, 480 N.W.2d 830, 835 (Wis.Ct.App.1992); *State ex rel. Thein v. City of Milwaukee*, 229 Wis. 12, 281 N.W. 653, 656 (Wis.1938). In other words, employees terminated during a reorganization are not entitled to due pro-

cess. *McCartney*, 480 N.W.2d at 835; *Thien*, 281 N.W. at 656.

Employees may challenge the applicability of the reorganization exception to any due process claim by challenging the legitimacy of the reorganization. *Nelms v. Modisett*, 153 F.3d 815, 821 (7th Cir. 1998) (applying Indiana law); *McCartney*, 480 N.W.2d at 836. They can frame their challenge along either of two lines: first, they can show that the reorganization never occurred; or second, under some circumstances they can show that the reorganization was motivated by bad faith. *Garrett v. Barnes*, 961 F.2d 629, 634 (7th Cir.1992) (applying Indiana law); *Misek v. City of Chicago*, 783 F.2d 98, 100–101 (7th Cir.1986) (applying Illinois law).

Ms. Campana challenged the reorganization on the second ground, that it was motivated by bad faith, and offered evidence of personal animosity that existed between her and other city officials. The district court, however, did not consider her evidence of animosity on grounds that courts do not examine the motives of legislators, or in this case city aldermen. When a reorganization is enacted by legislators, the court reasoned, bad faith is not a basis for challenging the reorganization.

 We have been reluctant to examine the motives of legislators. *See, e.g., Grossbaum v. Indianapolis–Marion County Bldg. Auth.*, 100 F.3d 1287, 1292–94 (7th Cir.1996). While a claim such as equal protection may warrant an examination of legislative motive "when precedent, text, and prudential considerations suggest it necessary in order to give full effect to the constitutional provision at issue," *id.* at 1294, we do not examine motive when a due process claim arises from an employee's termination during a reorganization. *Misek*, 783 F.2d at 100–01; *see also Limes–Miller v. City of Chicago*, 773 F.Supp. 1130, 1139 (N.D.Ill.1991); *Conroy*

*v. City of Chicago,* 708 F.Supp. 927, 944 (N.D.Ill.1989); *State ex rel. Miller v. Baxter,* 171 Wis. 193, 176 N.W. 770, 771 (Wis. 1920). The district court therefore correctly concluded that it would not examine aldermen's motives for passing the reorganization ordinance.

■ Given our reluctance to examine legislative motive, Ms. Campana next argues that she was not fired by aldermen, but rather by voters in the 1998 referendum, and therefore the district court erred when it did not examine voters' motives. Under Wisconsin law, however, referenda do not enact ordinances; they merely permit voters to prevent ordinances from taking effect. *Heitman v. City of Mauston Common Council,* 226 Wis.2d 542, 595 N.W.2d 450, 454 (Wis.Ct.App.1999). Therefore, the reorganization was enacted by aldermen, not voters, and this argument fails.

■ Alternatively, Ms. Campana argues that she was not fired by aldermen because the reorganization ordinance they passed did not require that her job be eliminated. She argues that it was the mayor who decided to fire her, and so the district court should have examined his motives. While we have examined the motives of a mayor who has eliminated positions through a reorganization, *see, e.g., Garrett,* 961 F.2d at 633, it is clear from the plain meaning of the ordinance that aldermen, not the mayor, eliminated the treasurer position when they created the finance director position. *Schroeder v. Dane Co. Bd. of Adjustment,* 228 Wis.2d 324, 596 N.W.2d 472, 478 (Wis.Ct.App. 1999) (ordinances are interpreted by their plain meaning). Her alternative argument therefore also fails.

For the preceding reasons, we AFFIRM the judgment of the district court.