TOM DEIZMAN *et al.*, Plaintiffs-Appellants, *v.* THE BOARD OF EDUCATION, DISTRICT 201, COOK COUNTY, Defendant-Appellee.

First District (5th Division)    No. 76-583

Opinion filed October 21, 1977.

Jacob Pomeranz, of Cornfield & Feldman, of Chicago, for appellants.

Allen D. Schwartz, of Chicago (Robbins, Schwartz, Nicholas & Lifton, Ltd., of counsel), for appellee.

Mr. JUSTICE MEJDA delivered the opinion of the court:

Plaintiff, Tom Deizman, a teacher, was denied sick leave benefits which he claimed he was entitled to under the collective bargaining agreement executed by the defendant, Board of Education (Board), and the Morton Council Teachers Union (Union). Following denial of his grievance, plaintiff filed suit for specific performance, and other relief, in the circuit court of Cook County. Plaintiff and defendant both moved for summary judgment. On January 20, 1976, the court granted defendant's motion, denied plaintiff's motion, and dismissed the suit. On February 3, 1976, plaintiff's motion to reconsider was denied. Plaintiff appeals from these orders. The sole question on review is whether the trial court properly entered summary judgment in favor of defendant. We affirm. The pertinent facts follow.

On June 16, 1974, plaintiff, a high school wrestling coach, shot to death a 16-year-old student of his wrestling team. He was arrested and placed in Cook County jail, and was subsequently transferred to Cermak Memorial Hospital, an adjunct of the jail. On July 21, 1975, plaintiff was found guilty of voluntary manslaughter and sentenced to a term of 5 to 20 years, which conviction was affirmed by this court. *People v. Deizman* (1976), 44 Ill. App. 3d 829, 358 N.E.2d 1208.

During plaintiff's period of incarceration prior to trial, Gloria Deizman, plaintiff's wife, requested in his behalf that plaintiff be placed on sick leave. Said request was supported by medical documentation of plaintiff's illness. The Board acted on the request on September 9 by placing plaintiff on a leave of absence at no cost to the Board pending outcome of the criminal charges against him.

Pursuant to the collective bargaining agreement a grievance was then filed, which included the following letter from Dr. Jan Fawcett, dated September 25, 1974:

> "This is to state that Thomas J. Deizman was examined by me shortly after his admission to Cermak Memorial Hospital. On the basis of his medical history and my examination, I can certify that this patient has been suffering from severe Alcoholism. This illness would have required treatment and hospital care whether or not he was incarcerated in the Cermak Memorial Hospital. He will require hospital care for this condition for an indefinite period of time, irrespective of the outcome of any charges lodged against him. In no way should his criminal charges detract from the fact that he suffers from a bonafide medical illness."

The grievance was denied by the school superintendent on October 4.

An evidentiary hearing was then requested by the Union, and on October 21 the Board held a hearing, at which further documentation concerning plaintiff's illness while incarcerated at Cermak was submitted.

On October 24 the Board reaffirmed the superintendent's denial of the grievance. The Union requested binding arbitration which the Board refused, as was its right under the collective bargaining agreement. This action followed.

OPINION

Section 57(3) of the Civil Practice Act (Ill. Rev. Stat. 1975, ch. 110, par. 57(3)) provides that summary judgment is appropriate

> "* * * if the pleadings, depositions, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment or decree as a matter of law."

Thus, summary judgment is proper when the issue is determinable solely as a question of law. *Sidwell v. Sidwell* (1975), 28 Ill. App. 3d 580, 328 N.E.2d 595; *Applicolor, Inc. v. Surface Combustion Corp.* (1966), 77 Ill. App. 2d 260, 222 N.E.2d 168.

■■ In the instant case the facts are not in dispute. Disposition of the case revolves around construction of the statutory and collective bargaining agreement provisions governing sick leave benefits for teachers. Thus, this case is a proper one for determination upon summary judgment.

Plaintiff's complaint for specific performance alleges that he is entitled to sick leave under article VI, section 1 of the collective bargaining agreement, which provides in pertinent part as follows:

> "A. Definition: Absence approved as 'sick leave' shall be absence owing to personal illness or disability which prevents a teacher from performing his teaching or other professional duties."

In response, the Board contends that plaintiff's sick leave rights are governed by, and arise solely from, the applicable statutory provision. Section 24—6 of the School Code (Ill. Rev. Stat. 1975, ch. 122, par. 24—6) provides that:

> "The school boards of all school districts, * * * shall grant their full-time teachers and other employees sick leave provisions not less in amount than 10 days at full pay in each school year. * * *. Sick leave shall be interpreted to mean personal illness, quarantine at home, or serious illness or death in the immediate family or household. * * *."

■■■ In our view, these two provisions are not incompatible. Section 24—6 requires school boards to provide a minimum amount of sick leave to teachers. It also allows the boards an option in choosing to define "sick leave" a number of different ways, since the word "or" must be considered in its ordinary disjunctive sense. (See *Campbell v. Prudential*

*Insurance Co.* (1958), 15 Ill. 2d 308, 155 N.E.2d 9.) Lastly, implicit in section 24—6 is the fact that illness alone will not suffice to qualify a teacher for sick leave; that illness must prevent him from performing his teaching duties. We believe this legislative intent to be obvious from a consideration of the statute as a whole, particularly article 24 wherein this section appears, which is concerned entirely with the employment of teachers as it relates to their teaching duties.

The sick leave provisions in the instant collective bargaining agreement clearly fall within the School Code provision. Article VI, section 1 defines sick leave in a manner compatible with the Code, and states that any such illness must be of such a nature as to prevent a teacher performing his duties. Thus, plaintiff's claim is properly considered under the collective bargaining agreement.

■■ While the Board would apparently contest the fact that plaintiff was ill during his incarceration, we note no reason in the record before us to question his illness. In ruling on a motion for summary judgment, the trial court must construe the pleadings, depositions, affidavits, and other documents of record most strictly against the moving party and most liberally in favor of the opponent. (*Baier v. State Farm Insurance Co.* (1975), 28 Ill. App. 3d 917, 329 N.E.2d 543, *aff'd*, 66 Ill. 2d 119, 361 N.E.2d 1100 (1977); *Cronin v. Delta Air Lines, Inc.* (1974), 19 Ill. App. 3d 1073, 313 N.E.2d 245.) Thus, for purposes of considering the Board's motion for summary judgment, the court must take as established plaintiff's plea that he was ill while incarcerated. Indeed, since no disputing evidence appears in the record, other than the Board's denial of same, we consider that the record does in fact establish plaintiff's illness. Upon consideration of all the documents of record, the mere denial of plaintiff's illness in the Board's pleadings is not sufficient to raise it as a genuine issue of material fact. See *Carruthers v. B. C. Christopher & Co.* (1974), 57 Ill. 2d 376, 313 N.E.2d 457; *Nationwide Advertising Service, Inc. v. Kolar* (1975), 28 Ill. App. 3d 671, 329 N.E.2d 300.

However, the Board also noted to the trial court, in both its answer and motion for summary judgment, that the fact of plaintiff's illness is irrelevant to his right to obtain sick leave under the circumstances of this case. We agree.

■■ As noted previously, the collective bargaining agreement provides that "any absence approved as 'sick leave' shall be absence *owing to* personal illness * * * *which prevents* a teacher from performing his * * * duties." (Emphasis added.) Thus, in our view, the plain import of such language is that the illness must be *the* cause that prevents performance of the teacher's duties. This requisite is not fulfilled by the facts of the case at bar.

The primary reason why plaintiff could not fulfill his duties as a teacher was his incarceration. It is the incarceration which prevented his performance at work. At best, it can only be said that the illness apparently "would have prevented" his working if he had not been incarcerated. This was not sufficient to entitle plaintiff to sick leave benefits.

Plaintiff contends that his entitlement to sick leave benefits is established in view of the fact that regardless of his incarceration, he was so incapacitated that it would have been impossible for him to teach. We disagree. In our view, the bargaining agreement is consistent with the apparent legislative intent expressed in section 24—6 of the School Code. Thus, it requires as a "condition precedent" for obtaining sick leave benefits that a teacher be otherwise available for duty, *but for* his illness. Plaintiff was not so available.

For the foregoing reasons, the order of the circuit court of Cook County granting defendant's motion for summary judgment is affirmed.

Affirmed.

SULLIVAN, P. J., and WILSON, J., concur.