CARRIE HOWARD, Plaintiff-Appellant, v. THE COUNTY OF COOK *et al.*, Defendants-Appellees.

First District (3rd Division)   No. 85—3493

Opinion filed June 25, 1986.

P. Scott Neville, Jr., and Arthur Wheatley, both of Chicago, for appellant.

Richard M. Daley State's Attorney, of Chicago (Raymond J. Prosser, Special Assistant State's Attorney, of counsel), for appellees.

JUSTICE McNAMARA delivered the opinion of the court:

Plaintiff, Carrie Howard, filed a petition for writ of *mandamus* against defendants, the County of Cook, its agents Terrance M. Hansen and Alvin T. Holley, and the board of commissioners of Cook County. The petition alleged that defendants wrongfully discharged plaintiff without the notice and hearing required under section 61.30 of "An Act to revise the law in relation to counties" (Ill. Rev. Stat. 1983, ch. 34, par. 1118). The trial court denied plaintiff's motion for judgment on the pleadings and for summary judgment, and granted defendants' cross-motion for summary judgment.

In September 1979, plaintiff began working in the accounting department of Cook County Hospital. She resigned in May or June 1980. On September 22, 1980, plaintiff reapplied for a job through the Cook County Hospital personnel office. Beginning on May 29, 1984, however, plaintiff failed to come to work or telephone her employer to explain her absence. On June 11, 1984, plaintiff's husband called her employer, stating that plaintiff was out of town. On June 13, 1984, plaintiff's supervisor, Alvin Holley, formally advised plaintiff in a letter that he had requested a predisciplinary hearing because of her continued unexplained absence. On June 15, Holley wrote a second letter notifying plaintiff that the hearing would take place on June 22 at 10 a.m. Holley mailed the notice both by regular mail and by certified mail. The letter sent by regular mail was not returned to Holley, but the certified letter was returned unclaimed.

At her discovery deposition on June 11, 1985, excerpts of which were filed in the present case, plaintiff testified that, after she returned to Chicago from the out-of-town trip, she believes she called Holley on June 25, 1984, regarding the letter of June 13. Holley advised plaintiff that the hearing had already been held. He told her to ask for a new hearing, and plaintiff did so. Later, however, on the advice of her attorney, plaintiff chose not to appear at the October 9, 1984, hearing. She was thus held to have waived her right to a hearing, and the discharge was affirmed.

On October 15, 1984, plaintiff filed her petition for a writ of *mandamus*, alleging that the position of accountant V is a civil service position requiring a predischarge hearing under statute (Ill. Rev. Stat. 1983, ch. 34, par. 1118). She requested reinstatement with back pay. On October 24, 1984, plaintiff unsuccessfully sought judgment on the pleadings.

Plaintiff also stated at her deposition that when she applied to be rehired in September 1980, she went to the personnel office of Cook County Hospital. At that time, no one told her she was a civil service employee. She did not take a civil service examination to become eligible for the job, nor did she purchase any of the stamps necessary to take a civil service examination. Plaintiff testified further that she was not placed on a list of civil service eligibles, and she never received a receipt for an application to a civil service position. She never went to the civil service commission to attempt to secure or take an examination for a promotion, and she never saw the civil service commission rules until she hired her attorney. Plaintiff did not expect a hearing before the civil service commission, and she did not at any time consider herself a civil service employee.

On August 13, 1985, plaintiff filed a motion for summary judgment accompanied by affidavits and exhibits. On September 9, 1985, defendants filed a motion for summary judgment along with a memorandum in support of the motion and a response to plaintiff's motion, accompanied by deposition excerpts. After hearing argument, the trial court granted defendants' cross-motion for summary judgment and denied plaintiff's motion for summary judgment.

Plaintiff initially contends that the trial court erred in denying her motion for judgment on the pleadings. A judgment on the pleadings is proper when the pleadings disclose only questions of law, and not of fact. (*Walker v. State Board of Elections* (1976), 65 Ill. 2d 543, 359 N.E.2d 113.) A motion for judgment on the pleadings admits the truth of facts well pleaded by the opposite party. (65 Ill. 2d 543, 359 N.E.2d 113.) Here, plaintiff alleged that she was a civil service employee, while defendants' answer denied that she had that status. Thus, a question of fact existed which required the court to look further than the pleadings, and the trial court properly denied plaintiff's motion for judgment on the pleadings.

Plaintiff next contends that the trial court erred in denying her motion for summary judgment, and in granting defendants' cross-motion for summary judgment. Summary judgment is proper where pleadings, affidavits, depositions, and other documents of record establish that there is no genuine issue of material fact and that the moving party is entitled to judgment as a matter of law. (Ill. Rev. Stat. 1983, ch. 110, par. 2—1005; *Fooden v. Board of Governors* (1971), 48 Ill. 2d

580, 272 N.E.2d 497, *cert. denied* (1972), 408 U.S. 943, 33 L. Ed. 2d 766, 92 S. Ct. 2847; *Deizman v. Board of Education* (1977), 53 Ill. App. 3d 1050, 369 N.E.2d 257.) Moreover, well-alleged affidavits in support of motions for summary judgment are substitutes for testimony and therefore must be taken as true if left uncontroverted by counteraffidavit, notwithstanding the existence of contrary averments in the adverse party's pleadings which only purport to establish *bona fide* issues of fact. (*Fooden v. Board of Governors* (1971), 48 Ill. 2d 580, 272 N.E.2d 497.) Discovery depositions may be used for any purpose for which an affidavit may be used. (87 Ill. 2d R. 212.) Thus, a motion for summary judgment can be supported solely by depositions. (*Allen v. Meyer* (1958), 14 Ill. 2d 284, 152 N.E.2d 576; *In re Estate of Myers* (1983), 120 Ill. App. 3d 726, 458 N.E.2d 1102.) The record before us, including testimony from plaintiff, sufficiently establishes the facts. Disposition of the case revolves around statutory interpretation. As both sides have recognized, this case is a proper one for determination upon summary judgment.

The legislature has established a discharge procedure for civil service employers in Illinois. Under this procedure, no "employee in the classified service of the county, who shall have been appointed under said rules and after said examination, shall be removed or discharged *** except for cause, upon written charges to be filed in the office of the Civil Service Commission *** and after an opportunity to be heard in his own defense." (Ill. Rev. Stat. 1983, ch. 34, par. 1118.) Plaintiff contends that she is a civil service employee, and thus the statutory discharge procedure described in section 61.30 should have been followed by defendants. Defendants maintain that plaintiff is not a civil service employee or, in the alternative, that she waived her right to a hearing by failing to attend the scheduled hearings for which she received notices.

To support her position that she is a civil service employee, plaintiff points out that her position as an accountant V was classified by the Position Classification Agency. The board of commissioners of Cook County is authorized, under section 61.17—1 of "An Act to revise the law in relation to counties" (Ill. Rev. Stat. 1983, ch. 34, par. 1102), to create a position-classification agency which in turn has the power to classify most county employees. Section 61.17—1, however, merely allows that agency to establish salaries, job titles and codes for use in the county budget. Nothing in that statutory authorization indicates a legislative intent to empower the position-classification agency for the civil service commission's authority to hire, test, or discipline employees. Thus, the fact that the agency can "classify" plaintiff's position for budgetary purposes does not make her a "classified civil service em-

ployee."

Furthermore, the authorization to create the agency under section 61.17—1 does not encompass the discharge provision in section 61.30. Under the statutory scheme, sections 61.17 through 61.17—9 relate to the board's authority to fix compensation and set up various departments and bureaus. These sections are separate from sections 61.18 through 61.50, which relate to the civil service commission. Section 61.18 mandates the establishment of the civil service commission. Section 61.19 provides for removal of commissioners and filling of vacancies. Section 61.20 directs the commissioners to "classify all the offices and places of employment in said county with reference to the examination hereinafter provided for ***. The offices and places so classified by the commission shall constitute the classified civil service of said county ***." This section requires all applicants "in said classified service" to take a civil service examination. After an applicant has taken and passed the examination, has paid the required fee and has been picked from the register of eligibles, he is then appointed to classified service. Section 61.30 provides for removal procedures for employees "in the classified service of the county, who shall have been appointed under said rules and after said examination."

■ Here, plaintiff's own testimony establishes that she never considered herself part of the civil service, and that the procedures relating to her hiring and promotions never involved the civil service commission or its procedures. Moreover, she did not expect her hearing to be conducted by the Cook County Civil Service Commission. We find that the applicable statutes and plaintiff's testimony establish that the position she held was not a civil service position. (See generally *Levin v. Civil Service Com.* (1972), 52 Ill. 2d 516, 288 N.E.2d 97 (court describes statutory scheme for civil service, finding the employees did not fulfill the statutory examination requirements).) Plaintiff, relying on *Cleveland Board of Education v. Loudermill* (1985), 470 U.S. 532, 84 L. Ed. 2d 494, 105 S. Ct. 1487, urges us to look at State law, not at plaintiff's deposition testimony. We have carefully considered the applicable State law and, as discussed above, we find it proper to consider plaintiff's deposition.

■ Plaintiff also maintains that her merit-employee status was transformed into a civil-service-employee status by the legislative abolition of certain statutes in 1979. Effective July 1, 1969, the County Hospital Governing Commission Act placed control of Cook County Hospital under an independent body, the Health and Hospitals Governing Commission of Cook County. (Ill. Rev. Stat. 1971, ch. 34, par. 5011 *et seq.*) A merit system for employees was established and all previous civil service employees were automatically converted to merit-employee

status. (Ill. Rev. Stat. 1971, ch. 34, par. 5026.) Effective November 30, 1979, the County Hospitals Act was abolished and control of Cook County Hospital was restored to the county itself. (Ill. Rev. Stat. 1980, ch. 34, par. 5020 *et seq.*) Nothing in that legislation indicates that merit employees were automatically converted back to civil-service-employee status. Notwithstanding that fact, plaintiff has not shown that she had merit status as of November 30, 1979, when the Act was abolished. We note that she had been in her position at Cook County Hospital for only three months and thus had not finished the six-months probation period. Additionally, if she had attained merit status, her resignation in May 1980 operated to sever that status. Finally, we note that plaintiff was twice provided with notice and an opportunity to be heard, but she failed to appear at both hearings.

We conclude that the trial court properly granted summary judgment in favor of defendants. There is no material question of fact remaining. Plaintiff was not a civil service employee and therefore was not entitled to receive the statutory discharge procedure.

For the reasons stated, the judgment of the circuit court of Cook County is affirmed.

Judgment affirmed.

McGILLICUDDY and WHITE, JJ., concur.