JO ANN FISHER, Petitioner-Appellant, v. BOARD OF EDUCATION OF WEST WASHINGTON COUNTY COMMUNITY UNIT DISTRICT NO. 10, WASHINGTON COUNTY, ILLINOIS, Respondent-Appellee.

Fifth District   No. 5—87—0816

Opinion filed March 30, 1989.

Drach & Deffenbaugh, P.C., of Springfield, for appellant.

Barry L. Kroll, David M. Galanti, and Lloyd E. Williams, Jr., all of Williams & Montgomery, Ltd., of Chicago, for appellee.

JUSTICE LEWIS delivered the opinion of the court:

Petitioner, Jo Ann Fisher, a teacher for respondent, Board of Education of West Washington County Community Unit District No. 10, filed a petition for writ of *mandamus*, requesting that the circuit court order respondent to reinstate her after taking a leave of absence. Both respondent and petitioner filed motions for summary judgment, and on August 5, 1987, arguments on both parties' motions were heard. The circuit court took the matter under advisement and on November 12, 1987, entered a written order in which it granted respondent's motion but denied petitioner's motion for summary judg-

ment. Petitioner appeals.

The facts of this case are undisputed. Petitioner had been employed as a full-time teacher by respondent since 1972 and had attained contractual continued service status. On August 16, 1984, approximately nine days prior to the beginning of the school term, petitioner hand-delivered a letter to the principal and the superintendent of schools of respondent, in which she requested a one year's leave of absence for the 1984-85 school term. Her reason for requesting the leave of absence was because in June 1984 her doctor had stated that "job related stresses may be contributing to the unexplainable infertility" problems which she and her husband had been experiencing.

Although petitioner's request was not timely, her letter was considered at respondent's school board meeting on August 16, 1984. Petitioner did not attend this meeting. At that meeting, the following resolution was passed by the school board:

> "Mrs. Jo Ann Fisher's request for a year leave of absence while *not mutually agreeable* to the Board of Education and said teacher (section 24—13) and to avoid any penalty to said teacher (section 24—14) the teacher's request for a one year leave of absence is granted with the following conditions: there shall be no guarantee of return to employment in District No. 10 following the one year leave of absence; should employment in District No. 10 resume after the year leave of absence no credit for experience will be granted or credited during the leave of absence; the granting of the leave of absence shall fulfill requirement of Teacher Retirement System for experience credit if the employee chooses to make the contribution to the Retirement System; insurance coverage by District No. 10 shall cease as of September 1, 1984." (Emphasis added.)

Petitioner was advised of the school board's action by a letter dated August 17, 1984, from the superintendent of schools in which the aforementioned resolution was completely quoted.

Petitioner talked to the principal and the superintendent by telephone the day after the school board meeting. The principal advised her that the school board had granted her leave of absence but that he did not know the conditions of the leave and that she should discuss this with the superintendent. The superintendent told her that she would be receiving a letter in which the school board's action was stated but he mentioned to her that there was no guarantee of employment for her after the leave of absence.

Petitioner received the superintendent's letter early the following

week. After receipt of the superintendent's letter, petitioner called the superintendent and advised him that she was going to take the leave of absence. Petitioner questioned the superintendent regarding her right to retain her insurance coverage and inquired about her retirement, but she did not discuss with him the other conditions imposed by the school board.

Thereafter, within the first days of the 1984-85 school term, petitioner came to the school but for the sole purpose of removing her personal belongings. She did not ask to teach nor did she present herself as willing to teach. A nontenured teacher was hired to fill petitioner's teaching position.

On February 7, 1985, petitioner sent a letter to the superintendent which stated:

> "This letter is to inform you that I shall be returning to West Washington County School District 10 for the 1985-1986 school year. My letter is to further inform you that I have not relinquished my rights to the position I hold as a tenured teacher within West Washington County School District 10. I am looking forward to being back with the District next fall."

This letter was considered at the next scheduled school board meeting on February 21, 1985, and in a resolution at that meeting the school board determined that petitioner's leave of absence had not been mutually agreeable and had been taken without guarantee of a return to employment. Further, the school board determined that it was not obligated to reemploy petitioner and that petitioner's employment with the school district "is and has been terminated." The school board voted not to reemploy petitioner. The school board's resolution was stated in its entirety in the superintendent's letter to petitioner dated February 26, 1985. From these facts, the circuit court found that summary judgment should be granted in favor of the respondent and against the petitioner. The circuit court entered an extensive and a well-reasoned order, which we affirm. We now address the issues petitioner raises on appeal.

Petitioner contends that section 24—13 of the School Code (Ill. Rev. Stat. 1985, ch. 122, par. 24—13) protected her tenure rights when she was granted her leave of absence, requiring respondent to rehire her at the end of her leave; that the respondent had no right to impose conditions upon her leave of absence; that the circuit court erred when it determined that the respondent denied her leave of absence and that petitioner abandoned her tenure rights; and that respondent's action at the school board meeting on February 21, 1985, was a dismissal of petitioner requiring the school board to conform to

the procedural requirements of section 24—12 of the School Code (Ill. Rev. Stat. 1985, ch. 122, par. 24—12). Because petitioner's first two contentions, *i.e.*, that her tenure rights were protected by section 24—13 and that respondent had no right to impose conditions upon her leave of absence, resolve the remainder of petitioner's issues, we will address those issues first.

■ Initially, we note that the facts of this case are not in dispute and that the only issue is a question of law, which the circuit court resolved by summary judgment. Summary judgment is proper where, as here, the issue is a question of law and not of fact. (*American Buyers Club of Mt. Vernon, Illinois, Inc. v. Zuber* (1978), 57 Ill. App. 3d 899, 373 N.E.2d 786; *Deizman v. Board of Education, District 201* (1977), 53 Ill. App. 3d 1050, 369 N.E.2d 257.) Therefore, our inquiry on appeal from the summary judgment is whether respondent was entitled to summary judgment as a matter of law.

■ For a *mandamus* to issue, it must be shown that "there is a clear right to the requested relief, a clear duty on the part of the respondent to act, and clear authority in the respondent to comply with the terms of the writ." (*In re Claudia K.* (1982), 91 Ill. 2d 469, 476, 440 N.E.2d 78, 81.) Here, the sole determination was whether petitioner had a clear right under section 24—13 to the requested relief, for if petitioner retained her continued contractual service, the respondent had a clear duty to act and had clear authority to comply with the terms of the writ.

■ The statutory section around which this case revolves is section 24—13 of the School Code. Section 24—13 appears in that portion of the School Code in what has often been referred to as the teachers' tenure laws. According to the Illinois Supreme Court, "[t]he tenure system is *** intended to provide continuity and stability for students; provide some degree of job security, thus affording teachers the ability to pursue a career free from arbitrary hiring and firing; attract teachers of high quality; and retain experienced teachers." (*Johnson v. Board of Education of Decatur School District No. 61*, 85 Ill. 2d at 344, 423 N.E.2d at 906.) The supreme court in *Johnson* went on to state that because the teacher tenure laws created liability where none otherwise existed, the tenure statutes must be strictly construed in order not to unduly interfere with a school board's responsibility to efficiently operate its schools. (*Johnson*, 85 Ill. 2d 338, 423 N.E.2d 903; *Evans v. Benjamin School District No. 25* (1985), 134 Ill. App. 3d 875, 480 N.E.2d 1380.) Therefore, section 24—13 must be strictly construed.

Section 24—13 states in pertinent part as follows:

"The contractual continued service status of a teacher is not affected by *** leave of absence mutually agreed upon between the teacher and the board ***." (Ill. Rev. Stat. 1985, ch. 122, par. 24—13.)

This section protects a teacher's contractual continued service status when specified leaves of absence enumerated in the statute are taken. Under a strict construction of the language of this section, petitioner's contractual continued service status will only be preserved if her leave of absence was one which was mutually agreeable to both the school board and to her. Petitioner's leave of absence was not mutually agreeable to the school board, as was clearly stated in the school board's resolution, and therefore, her leave of absence was not within the ambit of section 24—13 of the School Code and petitioner's status as a tenured or contractual continued service teacher was not preserved.

Petitioner argues that while the school board stated that the leave was not mutually agreeable, nevertheless, it went on to grant petitioner's leave of absence with conditions, thereby negating the school board's position that the leave was not mutually agreeable and preserving her status as a tenured teacher. We do not agree with this position, but determine that the school board's imposing the conditions on the leave of absence as it did placed petitioner on further notice that her leave was not one contemplated by the statute as preserving her rights as a tenured teacher. Petitioner understood the language of the school board's resolution, and thus, she had the choice of taking the leave offered with the conditions clearly stated or of returning to her teaching position that fall. Petitioner opted for the former course of action and her actions conform to the conclusion that she was unwilling to teach and voluntarily abandoned her rights as a contractual continued service teacher. *Brown v. Board of Education, Galatia Community Unit School District No. 1* (1976), 38 Ill. App. 3d 403, 347 N.E.2d 791.

Further, we do not find, as petitioner contends, that respondent's only power under section 24—13 is to either grant or deny a leave of absence and that respondent is foreclosed by the statute from imposing conditions upon a leave of absence. We do not perceive the language of that section to be so restrictive. The language of section 24—13 does not expressly prohibit a school board from granting other types of leave other than stated in section 24—13, but only preserves a teacher's tenure if the leave is mutually agreeable.

Numerous express powers of a school board are set out in the School Code; however, a broad spectrum of implied and incidental

powers may be inferred from these express statutory grants. (*Ambroiggio v. Board of Education of School District No. 44* (1981), 101 Ill. App. 3d 187, 427 N.E.2d 1027.) Additionally, since "the legislature has empowered a school board to perform certain functions, the courts will not interfere with the exercise of such powers or substitute their discretion for that of the school board unless the board's action is palpably arbitrary, unreasonable or capricious." *Tyska v. Board of Education of Township High School District 214* (1983), 117 Ill. App. 3d 917, 922, 453 N.E.2d 1344, 1350.

The most obvious implied power that is gleaned from a school board's express powers is that, first and foremost, a school board not be hampered in its responsibility to operate its schools. To this end, a school board has the implied power to impose conditions upon an extended leave of absence such as was requested by petitioner in this case. A leave of absence places a school board in the position of seeking a replacement for the teacher and does not provide for the orderly operation of a school. As was stated in *Tyska*, "[t]o be thorough and efficient, school operations cannot depend upon the choice or whim of others." (*Tyska*, 117 Ill. App. 3d at 926, 453 N.E.2d at 1353.) Thus, respondent's imposing of conditions upon petitioner's leave of absence was not unreasonable and was within its implied powers. We conclude that petitioner had no clear right to have an order of *mandamus* entered.

Having previously determined that petitioner relinquished her status as a contractual continued service teacher, either by taking a leave of absence not mutually agreeable to the school board or by taking the leave with the conditions imposed, petitioner's remaining contentions have no merit. As a nontenured teacher, petitioner had no right to be rehired but is in the position of a new teacher applying for a teaching position, and the school board need not give petitioner a reason for not being hired. Likewise, the school board's actions of February 21, 1985, were not subject to the procedural requirements of section 24—12 pertaining to the dismissal of a contractual continued service teacher.

For the foregoing reasons, we affirm the order of the circuit court of Washington County granting respondent's motion for summary judgment.

Affirmed.

WELCH, P.J., and HARRISON, J., concur.