**Frank B. STEIN, Plaintiff,**

v.

**FOREST PRESERVE DISTRICT OF COOK COUNTY, ILLINOIS, et al., Defendants.**

**No. 92 C 5567.**

United States District Court, N.D. Illinois, E.D.

July 21, 1993.

## MEMORANDUM OPINION AND ORDER

MAROVICH, District Judge.

On October 15, 1992, Frank B. Stein ("Stein") filed a three-count amended complaint against his employer, the Forest Preserve District of Cook County ("District"). In Count I, Stein alleges age discrimination in violation of the Age Discrimination in Employment Act of 1967 ("ADEA"), as amended, 29 U.S.C. § 621–634. In Count II, Stein alleges violations of state and county statutes pertaining to civil service employees, and in Count III, Stein alleges a violation of his constitutional right to due process under the Fourteenth Amendment to the Constitution. On November 5, 1992, defendants moved to dismiss Counts II and III of the amended complaint for failure to state a claim pursuant to Fed.R.Civ.P. 12(b)(6). For the following reasons, the defendant's motion is denied.

### BACKGROUND

"A complaint should not be dismissed 'unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief.'" *Gorski v. Troy,* 929 F.2d 1183, 1186 (7th Cir.1991) (quoting *Conley v. Gibson,* 355 U.S. 41, 45–6, 78 S.Ct. 99, 102, 2 L.Ed.2d 80 (1957)). When dealing with a motion to dismiss, the court assumes the truth of all well-pled factual allegations and makes all possible inferences in favor of the plaintiff. *See Janowsky v. United States,* 913 F.2d 393, 395 (7th Cir.1990); *Rogers v. United States,* 902 F.2d 1268, 1269 (7th Cir.1990). Thus, for purposes of this motion, we accept as true the allegations contained in Stein's amended complaint.

Employees of the District are subject to the civil service provisions governing the County of Cook pursuant to 70 ILCS 810/0.01. At the time Stein was hired by the District, he was certified by the Cook County Civil Service Commission. As a certified employee, Stein was entitled to the protections and benefits set forth in the Cook County Civil Service Act ("Act"), 55 ILCS 5/3–14001.

George Freeman Galland, Jr., Davis, Miner, Barnhill & Galland, Chicago, IL, for Frank B. Stein.

Ellen G. Robinson, Susan Valentine, Janie Nadler, Robinson Curley & Clayton, Chicago, IL, for Forest Preserve District of Cook County, Ill. and Joseph N. Nevius.

Stein worked for the District for 21 years. He held the position of Senior Supervisor of Special Activities. He was responsible for the operation and maintenance of the District's golf courses and driving ranges and the concession operations associated with them. He held these same duties continuously until he was fired in April 1992.

On April 20, 1992, Stein was called into the office of the District's Acting General Superintendent, Joseph N. Nevius. Nevius and two assistants demanded to know how old Stein was and when he planned to retire. Stein informed them that he was 69 and that he had no plans to retire.

On May 11, 1992, Nevius and his aides demanded Stein's immediate resignation. Stein refused. They then handed him a one-paragraph letter firing him effective that day, giving no reason, and demanding his immediate departure. His duties were immediately given to a much younger man. Stein never received a negative oral or written evaluation.

After being fired, the plaintiff notified the Civil Service Commission in writing of what had happened and demanded to know why the District had failed to comply with the law. Stein received no response, written or oral. He made repeated inquiries to Nevius, and to the President of the District, Richard Phelan, to discover why he was not being treated as a certified civil service employee. None of these inquiries were responded to.

On August 18, 1992, Stein filed suit seeking reinstatement to his position with restoration of all job-related benefits and pension credit, or, if this is impossible, front-end pay to compensate him 'for the amounts he will lose in the future. Subsequent to the filing of this lawsuit, Stein was informed for the first time that Nevius had purportedly removed him from his civil service position in January 1992 and that he purportedly no longer had the protection of a civil service employee.

Although the District admits that Stein's original position was certified, the District maintains Stein held a certified civil service position only until the District's reorganization in January 1992. At this time, the District contends that Stein was given a non-certified job due to budgetary eliminations. Stein was then fired three months later in April 1992 at the age of 69. However, Stein maintains that he was never informed of any "reorganization" and that nothing regarding his salary or responsibilities ever changed. Stein was never told that he was being "laid off" or that he was losing his civil service protection. For purposes of this motion, we accept Stein's allegations concerning the status of his employment at the time he was fired as true.

## DISCUSSION

1. Count II

■ In Count II, Stein alleges that the District violated 55 ILCS 5/3-14023 when it fired Stein without written charges and a proper hearing before the Cook County Civil Service Commission. The District has moved to dismiss Count II on a number of grounds. First, the District argues that Count II should be dismissed because the Act does not provide a right of private action. Since the Act does not expressly provide civil service employees a right of action, we must determine whether the court should imply a private right of action into the Act. The Illinois courts appear to be split over this issue.

In *Hoffman v. Wilkins,* 132 Ill.App.2d 810, 270 N.E.2d 594 (1971), a certified civil service employee sued his employer after being fired without being given the written charges and hearing required by the Act. The Illinois Appellate Court granted the plaintiff injunctive relief restraining Hoffman's employer from interfering with his right to remain at his job unless removed for cause by the Civil Service Commission upon written charges and after a hearing as prescribed by the statute.

Likewise, in *Howard v. County of Cook,* 145 Ill.App.3d 538, 99 Ill.Dec. 431, 495 N.E.2d 1166 (1986), the plaintiff sued her employer, Cook County, its Board of Commissioners and two employees at Cook County Hospital. She sought an injunction against the defendants and reinstatement on the grounds that she had been discharged

without cause and without written charges and after a hearing in violation of the Act. In reaching the merits of her claim, the court concluded that plaintiff's position at the hospital was not a certified position entitled to civil service protection.

Although the *Hoffman* and *Howard* courts never directly address the issue of whether an employee has a private right of action under the Act, it is implicit in the courts' rulings that Cook County civil service employees who have been deprived of their right to charges and a hearing under the Act have an implied right to seek a remedy in court.

On the other hand, the only Illinois Appellate Court to directly address the issue has reached the opposite conclusion. In *Davis v. Dunne*, 189 Ill.App.3d 739, 136 Ill.Dec. 1015, 545 N.E.2d 539 (1989), a civil service employee sued George Dunne, President of the Board of Commissioners of Cook County, alleging that another employee was promoted above him in violation of Rule VIII of the Civil Service Act, 55 ILCS 5/3–14019. Davis was employed with the Cook County Environmental Control Department at the time. The Illinois Appellate Court held that there was no private right of action under the Act and dismissed Davis' complaint. In reaching this conclusion, the court purportedly applied the test set forth in *Sawyer Realty Group, Inc. v. Jarvis*, 89 Ill.2d 379, 59 Ill.Dec. 905, 432 N.E.2d 849 (1982). The *Davis* court did not refer to *Hoffman* or *Howard* in its analysis.

Given the apparent split in the Illinois Appellate Court, we must determine whether the Illinois Supreme Court would afford Stein a remedy for his claim. *Smith v. Navistar Int'n't Trans. Corp.*, 957 F.2d 1439, 1443 (7th Cir.1992). After examining *Sawyer* and its progeny, we conclude that it would afford Stein the right to seek redress for his claims. Thus, this court has jurisdiction over the action pursuant to supplemental jurisdiction.[1]

The Illinois Supreme Court has been more willing than the federal courts to imply a private right of action into statutes that do not expressly provide for them. *See Sawyer*, 59 Ill.Dec. at 909, 432 N.E.2d at 853. In *Corgan v. Muehling*, 143 Ill.2d 296, 158 Ill. Dec. 489, 496, 574 N.E.2d 602, 609 (1991), the Illinois Supreme Court recently readdressed the *Sawyer* test for determining when it is appropriate to imply a private right of action into a statute. According to *Corgan*, implication of a private right of action is appropriate only if:

> (1) plaintiff is a member of the class for whose benefit the Act was enacted; (2) it is consistent with the underlying purpose of the Act; (3) plaintiff's injury is one the Act was designed to prevent; and (4) it is necessary to provide an adequate remedy for violations of the Act.

*Id.*[2] Consideration of these factors supports implication of a private cause of action here.

As for the first element, Stein is clearly a member of the class for whose benefit the statute was enacted. The Civil Service Act was enacted to protect civil service employees from being fired for arbitrary, political or discriminatory reasons. In furtherance of this purpose, the Act establishes a framework for appointment, promotion, and removal of civil service employees and mandates that civil service employees only be removed for cause upon written charges and after a hearing. *See Dunne*, 136 Ill.Dec. at 1017, 545 N.E.2d at 541. Second, Stein is seeking reinstatement and an injunction enjoining his employer from discharging him

---

1. Although defendants admit that the Illinois courts would provide Stein with a remedy, they contend that the courts would not provide the remedy that Stein is seeking in this suit, i.e. monetary damages. According to defendants, Stein's only redress is to petition the state court by means of writ of mandamus to force the Commission to take the omitted action. We disagree. In this case, Stein is seeking reinstatement, back pay and an injunction restraining the District from interfering with his right to remain at his job unless removed for cause by the Civil Service Commission upon written charges and after a hearing. Except for the back pay sought by Stein, this is the exact remedy granted to the plaintiff by the Appellate Court in *Hoffman*. We do not feel that the additional relief sought by Stein alters his right to seek redress in this court.

2. Contrary to the *Davis* court's interpretation of *Sawyer*, we conclude that the *Sawyer* test does not require that the act in question apply to an area of broad public interest.

without cause and without written charges and a hearing. In other words, Stein is seeking to force his employer to comply with the rules and procedures set forth in the Act. Thus, allowing Stein a private right of action is consistent with the purpose of the Act.

Third, Stein was fired without charges and a hearing. If Stein was employed in a position that was entitled to the civil service protection at the time he was terminated, his rights under the Act were violated. Clearly, Stein's injury is the type of injury the Act was designed to protect.

Finally, providing a private right of action for injunctive and monetary relief is necessary to uphold and implement the public policy concerns addressed by the Act; to protect civil service employees from being terminated from protected positions without cause and without written notice and a hearing. Implying a private right of action into the Act is the only way to ensure that an employee will be able to protect his job position until he is afforded his rights under the Act.[3] Thus, we conclude that Stein has satisfied the fourth element of the *Sawyer* test. Since we conclude that Stein is a member of the particular class of individuals the Act was enacted to protect, we may imply a private cause of action for a violation of that statute although no express remedy had been provided. *See Sawyer Realty Group*, 59 Ill.Dec. at 908, 432 N.E.2d at 852. We do so today.

■ Defendants further allege that the Act, which entitles employees to notice and a hearing, does not apply to Stein because his job was eliminated due to "reorganization." However, Stein maintains that his job was not eliminated due to reorganization, at least not to his knowledge, and on this Rule 12(b)(6) motion, this allegation must be taken as true.

■ Defendants next allege that even if the Act did apply to Stein's situation, he was required to exhaust administrative remedies before pursuing judicial relief. The failure to exhaust administrative remedies prior to filing a lawsuit can bar that action. *Chicago Welfare Rights Organization v. Weaver*, 56 Ill.2d 33, 305 N.E.2d 140 (1973). However, Stein notified the Civil Service Commission in writing of his circumstance and demanded to know why the District had failed to comply with the law prior to filing this lawsuit.[4] He received no response. This allegation, taken as true, is sufficient to withstand defendants' motion to dismiss claim that Stein failed to exhaust his administrative remedies.

■ Finally, defendants assert that this court should refuse to exercise pendent jurisdiction over Stein's state and local law claims because of the "novel issues" being raised. However, the issue presented in Count II is not a complicated one. Under the Civil Service Act, a civil service employee can be involuntarily terminated only "for cause" or because of a "lack of work or funds, or whenever a position is abolished and the number of employees in a department must be reduced." 55 ILCS 5/3–14023, 5/3–14024. Stein's contention is a factual one, namely that he was not laid off and that his job was not abolished. Pendent jurisdiction is most properly exercised when the state and federal claims "derive from a common nucleus of operative fact." *United Mine Workers v. Gibbs*, 383 U.S. 715, 725, 86 S.Ct. 1130, 1138, 16 L.Ed.2d 218 (1966). Stein's claims are clearly closely related, and for the furtherance of judicial economy, they ought to be heard together. *See Rosen v. Chang*, 758 F.Supp. 799 (D.R.I.1991). Therefore, the District's motion to dismiss Count II is denied.

## 2. Count III

Count III is brought by Stein against defendant Joseph Nevius ("Nevius"), the Acting

---

**3.** Providing Stein a remedy in this case is even more appropriate in light of the fact that Stein's attempts to seek redress for his problem after he was fired with the Civil Service Commission were futile.

**4.** According to Stein, his attorney contacted Steven Klem, the Commission's counsel and Assistant Director of Personnel, and described Stein's problem in detail. Although Klem promised to look into it on behalf of the Commission, Stein never heard from him. Stein's attorney also wrote Klem a letter demanding action by the Commission. Similar letters were also written to Richard Phelan, President of the District and of the County Board.

General Superintendent of the Forest Preserve District, in his individual and official capacities. In Count III, Stein alleges that his Fourteenth Amendment right to due process was violated when the District purportedly removed him from his civil service position without any form or notice.

■ First, the District argues that Count III should be dismissed in its entirety because Stein does not have a protectable property interest and, therefore, is not entitled to due process under the Fourteenth Amendment. Although a state statute which provides for dismissal of civil service employees only "for cause" generally serves to grant a property interest in that employee's position, civil service employees who are removed from their protected positions pursuant to a valid reorganization no longer have a protectable property interest. Consequently, the District argues that Stein is not entitled to written charges and a hearing. *See Chestnut v. Lodge,* 34 Ill.2d 567, 216 N.E.2d 799 (1966); *Thomas v. City of Springfield Civil Service Com.,* 106 Ill.App.3d 939, 62 Ill.Dec. 726, 436 N.E.2d 752 (1982). However, if an employee's position is not eliminated pursuant to a valid reorganization, or the purported reorganization is pretextual or a sham, that employee maintains his right under Illinois law to a civil service hearing. *Limes–Miller v. Chicago,* 773 F.Supp. 1130, 1139 (N.D.Ill. 1991). Thus, we must examine Stein's complaint to determine whether he has sufficiently alleged facts which would support his claim that he was not terminated pursuant to a valid reorganization.

■ In this case, Stein maintains that he was not informed of any "reorganization" and that his position was secretly abolished without any notice. Stein further alleges that his duties remained unchanged, his salary remained the same except for a standard of living increase, and he was never given a new job description. Furthermore, Stein did not actually lose his position until three months after the alleged "reorganization" supposedly took place.

Given these allegations, we conclude that Stein has alleged sufficient facts to support his claim that no reorganization actually occurred, i.e. that the reorganization was a sham.[5] The courts cannot allow government officials to cry reorganization in order to circumvent the constitutional and statutory protection guaranteed to Illinois and Chicago civil service employees. *Misek v. Chicago,* 783 F.2d 98, 101 (7th Cir.1986). Thus, Stein's due process claim survives the District's motion to dismiss.

■ The District next argues that Count III should be dismissed against Nevius in his personal capacity since Stein failed to plead sufficiently detailed facts to overcome the official immunity to which Nevius is entitled. Nevius relies on *Elliott v. Perez,* 751 F.2d 1472, 1481–82 (5th Cir.1985) for the proposition that courts require a "heightened pleading standard" in immunity cases.

In *Elliott v. Thomas,* the Seventh Circuit addressed the "heightened pleading standard" for immunity espoused in *Perez.* 937 F.2d 338, 345 (7th Cir.1991). Although the court agreed with the Fifth Circuit that a plaintiff must produce some "specific, nonconclusory factual allegations which establish [the necessary mental state], or face dismissal," the court further recognized that a " 'heightened pleading requirement' is inconsistent with the Rules of Civil Procedure." *Id.* In order to balance these two competing standards, the court concluded that it is better "to recognize that official immunity is an affirmative defense, which need be asserted only after a plaintiff gets past the (slight) hurdles established by Rules 8 and 9(b)." *Id.* In other words, the court concluded that "the mere possibility that defendants will claim immunity does not require the plaintiff to anticipate and plead around that defense in his complaint." *Id.* Instead, defendants must assert immunity by pleading it in the answer and moving for summary judgment. *Id.*

---

5. Contrary to the District's assertions, Stein's complaint is not fatally flawed simply because he does not specifically allege that the reorganization was a "sham." As long as Stein alleges facts which support the inference that no reorganization actually took place, Stein's complaint must stand.

Although it is clear from the court's holding in *Thomas* that a plaintiff must plead more than bald assertions of discriminatory intent on the part of a defendant in order to survive a motion to dismiss based on immunity, a plaintiff's burden at the pleading stage is minimal. As long as Stein asserts some facts which either directly or circumstantially support a finding that Nevius intentionally sought to deprive him of his protectable property interest, Stein can avoid dismissal on immunity grounds before discovery.

■ According to his complaint, Nevius purportedly removed Stein from his certified position in January 1992 and placed him in a new position that was not subject to civil service protection. Stein was given no notice that he had been removed from his civil service position. Stein's job duties did not change, his salary remained the same and he was given no new job description. Neither Nevius nor anyone under Nevius' control told Stein that he had ceased to enjoy the protection of the Act.

When Stein was fired in May 1992, Nevius refused to give him written charges and right of hearing to which Stein believed he was entitled to under the Act. Although he repeatedly asked both Nevius and Richard Phelan, the President of the District, about their failure to provide him with his rights under the Act, he received no response. It was not until after Stein filed this action that Nevius informed Stein that he had been purportedly removed from his civil service position in January 1992. These allegations are sufficient to survive the District's motion to dismiss Count III against Nevius in his individual capacity.

■ Finally, the District argues that Count III should be dismissed against Nevius in his official capacity because Stein has failed to allege that Nevius acted pursuant to an official custom, policy or practice as required by *Monell.*[6] Stein, however, argues that he does not have to allege a municipal

policy or custom since the individual acts of highranking officials, such as Nevius, render that entity liable under § 1983. *See Malak v. Associated Physicians, Inc.,* 784 F.2d 277 (7th Cir.1986). In order to hold the municipality liable for the individual acts of a policymaker, however, those acts must establish the new official policy of the state for all similar matters. *Auriemma v. Rice,* 957 F.2d 397, 399–400 (7th Cir.1992).

A single act of employee misconduct, regardless of how highly placed, which clearly contravenes established state policy and procedures as contained within formal rules, regulations, and statutes, does not evidence the state's "new" policy. Instead, such an act is merely a random unauthorized deviation from the state's policy. *Easter House v. Felder,* 910 F.2d 1387, 1402 (7th Cir.1990).

In this case, Stein alleges that Nevius secretly deprived him of due process protection and then fired Stein without charges and a hearing. In other words, Stein alleges that Nevius' actions violated clearly established rules and procedures for terminating civil service employees set forth in the Act. It is clear to this court that Nevius violated established policy. He did not implement a new policy for the District when he failed to provide Stein with his procedural rights. Thus, Nevius' conduct is not a policy which is attributable to the Forest Preserve, but a random, unauthorized deviation. *See Easter House,* 910 F.2d at 1402–03; *Auriemma,* 957 F.2d at 399–400. Consequently, we will not hold the District liable under § 1983 for Nevius' acts.

*CONCLUSION*

For the reasons stated above, the District's motion to dismiss Counts II is denied. The District's motion to dismiss Count III against Nevius in his individual capacity is also denied. However, District's motion to dismiss

---

6. It should be noted that the Supreme Court has recently held that Federal courts may not apply a "heighten pleading standard," more stringent than usual pleading requirements, in civil rights cases alleging municipal liability under § 1983. The court concluded that it was impossible to square the heightened pleading requirement in municipal liability cases with the liberal system of "notice pleading" set up by the Federal Rules. *Leatherman v. Tarrant County Narcotics Intelligence and Coordination Unit,* —— U.S. ——, ——, 113 S.Ct. 1160, 1163, 122 L.Ed.2d 517 (1993).

Count III against Nevius in his official capacity is granted.