(Nos. 39634, 39638 cons.—

WILLIAM J. CHESTNUT *et al.*, Appellants, *vs.* WILLIAM T. LODGE, Director of Conservation, *et al.*, Appellees.

*Opinion filed May 23, 1966.*

Mr. JUSTICE SOLFISBURG delivered the opinion of the court:

Plaintiffs commenced actions in *mandamus* and for declaratory judgment in the circuit court of Sangamon County for the purpose of contesting their layoff as employees of the Department of Conservation of the State of Illinois. After a lengthy hearing the trial court ordered that the plaintiffs be restored to their positions and be granted back pay. The appellate court reversed on the ground that plaintiffs had no right to challenge the propriety of their layoff except by proceedings under the Administrative Review Act. (62 Ill. App. 2d 27.) We have granted leave to appeal.

Plaintiffs were employees of the Department of Conservation holding positions as Park Supervisor I or II and were under the provisions of the Personnel Code. (Ill. Rev. Stat. 1963, chap. 127, pars. 63b101, *et seq.*) In July, 1961, the defendant Director of Conservation recommended the abolition of such positions to the defendant Director of Personnel and requested approval of the layoff of the personnel occupying such positions. The recommendation was approved by the Director of Personnel and the plaintiffs were notified of their layoff because of abolition of position.

On July 21, 1961, plaintiffs filed a request for hearing before the Civil Service Commission. On July 26, 1961, the Civil Service Commission denied the request for hearing on the ground that it had no jurisdiction in the case of layoffs. Thereafter these plaintiffs instituted an action for administrative review in the circuit court of Sangamon County.

While that action was pending plaintiffs commenced the present *mandamus* actions and defendants filed a motion to dismiss on the ground of the pendency of the prior action. For all that appears in the record, defendants apparently abandoned this position and filed an answer and fully litigated the issue of the propriety of the layoffs.

In the appellate court on oral argument the court requested additional briefs on the appropriateness and ex-

clusiveness of the administrative review procedures in lay-off cases. After the submission of additional authorities the appellate court held that plaintiffs' sole remedy was by administrative review.

The primary issue on this leave to appeal therefore is whether or not these layoffs should have been reviewed by the Civil Service Commission and their decision reviewed under the provisions of the Administrative Review Act.

We held in *People ex rel. Chicago and North Western Railway Co.* v. *Hulman,* 31 Ill.2d 166, that the Administrative Review Act provided the exclusive method to review administrative decisions under an act incorporating that type of review by express reference.

Section 11a of the Personnel Code (Ill. Rev. Stat. 1963, chap. 127, par. 63b111a,) specifically makes all final administrative decisions of the Civil Service Commission subject to the provisions of the Administrative Review Act, and therefore establishes the exclusive method of review in such cases. However plaintiffs insist that the Commission had no jurisdiction in the case of layoffs. It appears that this has been the uniform administrative view of the jurisdiction of the commission since the enactment of the Personnel Code.

Defendants however now insist that these layoffs were reviewable by the Commission under either section 10 or 11 of the Personnnel Code. Section 10, (Ill. Rev. Stat. 1963, chap. 127, 63b110,) sets forth the powers of the Commission, and insofar as it is material here, provides:

"(4) To approve or disapprove within 60 days from date of submission the position classification plan submitted by the Director as provided in the rules, and any revisions thereof within 30 days from the date of submission.

"(5) To hear appeals of employees who do not accept the allocation of their positions under the position classification plan.

\* \* \*

"(8) To hear and determine written charges filed seeking the discharge, demotion of employees and suspension totaling more than thirty days in any 12-month period, as provided in Section 11 hereof, and appeals from transfers from one geographical area in the State to another, and in connection therewith to administer oaths, subpoena witnesses, and compel the production of books and papers."

Section 11 (Ill. Rev. Stat. 1963, chap. 127, par. 63b111) provides for hearings for employees who have been removed, discharged, demoted or suspended for cause upon written charges approved by the Director of Personnel.

It is manifest that section 11 affords plaintiffs no right to a hearing for there have been no discharges or disciplinary action for cause, and that section deals only with relief from such administrative action.

Nor do we believe that section 10 provides for a Civil Service Commission hearing to review a layoff because of abolition of position. Defendants seek to equate these layoffs with job allocations or classifications but the structure of the Personnel Code clearly makes a distinction between layoffs and allocations. Section 10 gives the Commission the power to review job allocations and section 8a provides for job allocation and classification and gives the employee affected by an allocation the right to be heard by the Commission. (Ill. Rev. Stat. 1963, chap. 127, par. 63b108a.) However section 8b(13), (Ill. Rev. Stat. 1963, chap. 127, par. 63b108b(13),) provides for layoffs and abolition of positions, but makes no provision for a hearing for an affected employee.

We do not believe that the layoffs in the present case can be considered the same as discharges for cause or job allocations, and the review provision governing the latter are not applicable to layoffs. *Fitzsimmons* v. *O'Neill*, 214 Ill. 494; *Curtis* v. *State*, 108 Ohio St. 292, 140 N.E. 522; *Kusza* v. *Maximonis*, 363 Pa. 479, 70 A. 2d 329.

It is true that the Commission has the power and the duty to approve or disapprove of rules made by the Director of Personnel, including rules for layoff and abolition of position, and it has approved Rule 24 of the Director. Rule 24 merely provides, in the pattern of the Code, for layoffs for lack of work, lack of funds, abolition of position, or a material change in duties or organization. It requires that such layoffs shall be in accordance with a plan approved by the Director of Personnel.

There is no provision in the Personnel Code suggesting that such a plan is subject to review by the Civil Service Commission, or that an employee aggrieved by the plan has any right to a hearing before the Commission. The Commission itself has consistently rejected any such notion of its jurisdiction.

We find nothing in the Personnel Code showing an intention on the part of the legislature to vest in the Commission a general superintending authority as suggested by the appellate court. The varying duties of the Commission and the Director are specifically set forth, and we find no authority requiring the Commission to consider the validity of the layoffs.

We also reject the suggestion of the appellate court that plaintiffs had a duty to present the question of the validity of the plan to the Commission, and in the event the Commission dismissed their proceeding for want of authority, they had the duty to proceed with further administrative review.

The Administrative Review Act is a salutary act to provide a simple single review from specified administrative decisions, but it was not intended to be a trap for the unwary to establish a bar to relief. Since it is an exclusive method of review in the proper case, the areas of its applicability must be clearly defined. Under the Personnel Code, the Administrative Review Act is only applicable to

decisions of the Civil Service Commission. Since we find no clear right in these plaintiffs to obtain a review of their layoffs by the Commission, we hold the Administrative Review Act is inapplicable.

Because of the view we have taken, it is unnecessary for us to consider whether the defendants have waived the question of the applicability of the Administrative Review Act by the failure to raise the question in the trial court or in their argument in the appellate court.

Since the appellate court concluded that the plaintiffs were precluded from reviewing their layoffs by means of *mandamus* or declaratory judgment, it did not consider the merits of the case relating to the propriety of plaintiffs' layoffs. It is therefore necessary to remand the cause to the appellate court with direction to consider the arguments relating to the propriety of plaintiffs' layoff. The judgment of the appellate court is therefore reversed and the cause is remanded to the Appellate Court for the Fourth District to consider the remaining issues.

*Reversed and remanded, with directions.*