ROBERT W. THOMAS *et al.*, Plaintiffs-Appellees, *v.* CITY OF SPRINGFIELD CIVIL SERVICE COMMISSION *et al.*, Defendants-Appellants.

Fourth District   No. 17690

Opinion filed June 7, 1982.

James K. Zerkle, Assistant Corporation Counsel, of Springfield, for appellants.

Costello, Young & Metnick, of Springfield, for appellees.

JUSTICE MILLS delivered the opinion of the court:

Is a municipal employee who is laid off by the city because of budgetary and financial constraints entitled to a hearing?

No.

Reversed.

During March 1981, the City of Springfield abolished numerous em-

ployment positions by not funding those positions. Plaintiffs Thomas and Lambert were among those employees whose positions were abolished.

On March 17, 1981, the commissioner of the Department of Public Health and Safety informed plaintiffs that their respective positions as plumbing and building inspectors had been abolished. The commissioner sent a letter to each plaintiff informing him that due to budgetary constraints imposed by the city council certain positions were eliminated and that the decision to eliminate his job was not reflective on his abilities or performance, but dealt only with the tasks assigned to his job. Department of Personnel separation forms for the plaintiffs were filed on March 25, 1981, with the Springfield Civil Service Commission (the Commission), pursuant to Commission Rule 11.02, stating that the job abolishments and layoffs were due to budgetary status. On March 26, 1981, the director of personnel for the City of Springfield informed plaintiffs that a layoff plan had been filed with the commissioner. The director told plaintiffs that they would be placed on the reemployment list for call-back if another position became available.

Plaintiffs filed a complaint for wrongful discharge on May 15, 1981, before the Commission. They alleged that their termination was the result of their refusal to contribute to a political fund-raiser for the commissioner of their department and of their activities in negotiating wages and benefits for employees. One of the plaintiffs alleged that his layoff was additionally motivated by racial discrimination and personal animosity. The City of Springfield filed a motion to dismiss the complaint for lack of jurisdiction and the Commission granted the motion. The basis of the motion was that the Commission had no authority to grant hearings on the necessity of economic job abolishments. Plaintiffs then filed a complaint for administrative review in the circuit court. The court reversed the decision of the Commission and ordered the Commission to take jurisdiction and hold a hearing on the complaint.

Although plaintiffs do not contest that their jobs were actually abolished, they maintain that they were illegally discharged as a result of improper motives. Accordingly, plaintiffs maintain that they were entitled to a hearing before the Commission pursuant to section 10—1—18 of the Illinois Municipal Code (Ill. Rev. Stat. 1979, ch. 24, par. 10—1—18)—which provides that no employee in the classified service of any municipality may be removed, discharged, or suspended except for cause upon written charges, and after an opportunity to be heard in his own defense.

In *Fitzsimmons v. O'Neill* (1905), 214 Ill. 494, 73 N.E. 797, the plaintiff's position as a foreman of the repair shop of the Chicago Police Department was abolished when the city council made no appropriation for the position. The plaintiff filed in the circuit court for a writ of *mandamus*

directing the superintendent of police to reinstate the plaintiff to his former position. The Civil Service Act, which was substantially similar to the present act, provided that no employee could be removed or discharged except for cause, upon written charges, and after an opportunity to be heard in his own defense. The plaintiff maintained that the abolition of his job was illegal because he had not been given notice and had no opportunity to be heard. The court stated:

> "We are of the opinion that section 12 of the Civil Service act has no application to a case like the present. That section refers to cases where an officer or employe is removed for some reason personal to himself. His right to be heard in his defense upon written charges, as specified in section 12, implies that the cause of his removal is some dereliction, or neglect of duty, or incapacity to perform duty, or some delinquency, which affects his fitness for the position occupied by him. The provision in question does not apply to a case where the incumbent is dismissed for want of funds, or in order to reduce expenses, and when at the time of the dismissal, as was the fact in the case at bar, he has notice of that fact." 214 Ill. 494, 503, 73 N.E. 797, 799.

In an analogous situation, involving the State Civil Service Commission, the Illinois Supreme Court determined that the Commission had no jurisdiction to hold hearings for plaintiffs who had been laid off when their jobs were abolished. In *Chestnut v. Lodge* (1966), 34 Ill. 2d 567, 216 N.E.2d 799, the plaintiffs commenced actions in *mandamus* in the circuit court for the purpose of contesting their layoffs as employees of the Department of Conservation. The plaintiffs claimed that their layoffs were reviewable by the Commission under the Personnel Code. Section 11 of the Personnel Code (Ill. Rev. Stat. 1963, ch. 127, par. 63b 111) provided for hearings for employees who had been removed, discharged, demoted or suspended for cause upon written charges approved by the director of personnel. The court stated that section 11 afforded plaintiffs no right to a hearing for there had been no discharge or disciplinary action for cause, and that section 11 dealt only with relief from such administrative action.

The *Chestnut* court, citing *Fitzsimmons*, observed that "[w]e do not believe that the layoffs in the present case can be considered the same as discharges for cause or job allocations, and the review provision governing the latter are not applicable to layoffs." (34 Ill. 2d 567, 570, 216 N.E.2d 799, 802.) The court rejected the appellate court's suggestion that the plaintiffs should have proceeded under the Administrative Review Act by first presenting their complaints before the Commission. The supreme court stated:

"Since [the Administrative Review Act] is an exclusive method of review in the proper case, the areas of its applicability must be clearly defined. Under the Personnel Code, the Administrative Review Act is only applicable to decisions of the Civil Service Commission. Since we find no clear right in these plaintiffs to obtain a review of their layoffs by the Commission, we hold the Administrative Review Act is inapplicable." 34 Ill. 2d 567, 571-72, 216 N.E.2d 799, 802.

There is no language in the Municipal Code which grants to plaintiffs a right to a hearing before the Commission to review their layoff. Furthermore, our supreme court has held that neither the State nor a city civil service commission has jurisdiction to conduct hearings involving layoffs for economic reasons. (*Fitzsimmons*; *Chestnut*.) Plaintiffs maintain that the Commission should hold a hearing to determine whether the layoff was in good faith or merely a subterfuge to conceal an illegal discharge. However, in both *Fitzsimmons* and *Chestnut*, the plaintiffs had alleged that their layoffs were in bad faith, yet the supreme court held that the respective commissions did not have jurisdiction to hear the complaints.

We note, finally, that the Personnel Code has recently been amended to authorize the State Civil Service Commission to hear appeals of layoffs filed by employees if the basis for the appeal is that the provisions of the Personnel Code or of the rules of the Department of Personnel relating to the layoff have not been complied with. (Ill. Rev. Stat. 1979, ch. 127, par. 63b110(12).) This amendment confirms the supreme court's holding in *Chestnut* that, prior to the amendment, the State Civil Service Commission lacked jurisdiction in this area. No analogous provisions have been enacted with respect to city civil service commissions acting pursuant to the Municipal Code. Therefore, the rule established in *Fitzsimmons* and *Chestnut* is still applicable to the present case.

Reversed.

GREEN, P. J., and TRAPP, J., concur.