Glen MISEK and Richard J. Krakowski,
Plaintiffs-Appellants,

v.

The CITY OF CHICAGO, a Municipal
Corporation, Harold Washington,
Charles A. Pounian and Susan L. Weed,
Defendants-Appellees.

No. 85–1075.

United States Court of Appeals,
Seventh Circuit.

Argued Oct. 22, 1985.

Decided Feb. 11, 1986.

Rehearing and Rehearing En Banc
Denied April 24, 1986.

Donald Scott Mangum, Mangum, Smie-
tanka & Johnson, Chicago, Ill., for plain-
tiffs-appellants.

Jennifer A. Keller, Asst. Corp. Counsel,
James D. Montgomery, Corp. Counsel, Chi-
cago, Ill., for defendants-appellees.

Before CUMMINGS, Chief Judge, COF-
FEY, Circuit Judge, and FAIRCHILD, Sen-
ior Circuit Judge.

CUMMINGS, Chief Judge.

Plaintiffs appeal from the summary
judgment granted to defendants on their 42
U.S.C. § 1983 claims. The plaintiffs chal-

lenge the district court's determination that their discharge from the Chicago Health Systems Agency without a hearing could not violate due process. We reverse.

## I. STATEMENT OF THE CASE

In May 1984, plaintiffs filed a verified complaint seeking reinstatement to their former municipal positions and $100,000 in damages for emotional distress and humiliation plus damages for lost wages and benefits. Counts I and II allege that the plaintiffs were discharged without cause under a pretextual reorganization of their employing agencies. The terminations were said to violate the due process clause of the Fifth and Fourteenth Amendments. Relief was sought pursuant to 42 U.S.C. § 1983.

Counts III and IV asserted that the "intentional and willful termination" of plaintiffs' employment without just cause and done maliciously violated their rights and privileges under the Constitution and constituted a constitutional tort actionable under 42 U.S.C. § 1983.

The remaining two counts were pendent and claimed that the plaintiffs had statutory tenure under the Illinois Civil Service Act and charged that both the Illinois Civil Service Act and Chicago Personnel Code forbid the firing of career service employees such as plaintiffs without cause and without the opportunity for a hearing before an impartial arbitrator.

Five days later the four defendants [1] filed a motion to dismiss the complaint on the ground that Counts I through IV failed to state a constitutional cause of action and that pendent Counts V and VI should also

be dismissed "because they are unsupported for jurisdictional purposes by a federal claim" and fail to state a cause of action under state law. In August 1984, Judge Aspen filed an unpublished memorandum opinion and order granting defendants' motion to dismiss the complaint in its entirety. He reasoned that Counts III and IV were redundant because they attempted to state the same claim twice. The district judge ruled that the due process claims in Counts I–IV were fatally deficient because they did not specifically identify the property interest plaintiffs had in their jobs. The court also agreed with defendants that no Illinois statute nor Chicago ordinance gave plaintiffs the right to a hearing because they were not terminated for lack of fitness but because of a reorganization of their agencies, citing, *inter alia, Fitzsimmons v. O'Neill,* 214 Ill. 494, 503, 73 N.E. 797 (1905). Because the district court concluded that plaintiffs had not adequately alleged a basis of federal court jurisdiction, the pendent state claims contained in Counts V and VI were dismissed pursuant to *United Mineworkers v. Gibbs,* 383 U.S. 715, 86 S.Ct. 1130, 16 L.Ed.2d 218.

Twenty days after their complaint was dismissed plaintiffs filed a motion to alter or amend the dismissal order in order to permit them to amend their complaint. On January 3, 1985, the district judge denied plaintiffs' motion to alter or amend his prior order and refused to permit them to file the tendered amended complaint.[2] The district judge stated that he was refusing to permit the filing of the amended complaint because

an employee terminated under an agency reorganization who claims that the reorganization was pretextual does not have

---

**1.** The defendants were City of Chicago; its mayor; Charles Pounian, Commissioner of Personnel; and Susan Weed, Executive Director of the Chicago Health Systems Agency.

Plaintiff Misek was Coordinating Planner, Economic Policy, for the Chicago Health Systems Agency, and co-plaintiff Krakowski was Director of Public Affairs in the same agency.

**2.** In this Court plaintiffs rely on their original complaint rather than contending that the amended complaint should have been received,

although cursorily stating that they were entitled to file their amended complaint (Br. 24). As the district judge pointed out, however, plaintiffs had no right to file an amended complaint under Rule 15(a) of the Federal Rules of Civil Procedure even though no responsive pleading had been filed because judgment had already been entered against them. *Twohy v. First National Bank of Chicago,* 758 F.2d 1185 (7th Cir. 1985).

a right under Illinois law to a civil service pre-termination hearing.

Record item 26, page 2. We reverse.

## II. PLAINTIFFS WERE ENTITLED TO A HEARING BEFORE THEIR DISCHARGE.

### A. *Property Interest*

■■■ Defendants seemingly concede that plaintiffs would have been entitled to notice and hearing before their discharge as tenured public employees absent a reorganization of the Chicago Health Systems Agency (Br. 9). Section 25.1-6 of the Municipal Code of Chicago provides for a hearing on all charges brought against any career service employee for purposes of discharge. Similarly, the Illinois Municipal Code provides that no classified municipal civil service employee may be removed except for cause upon written charges and after an opportunity to be heard in his or her own defense. Ill.Rev.Stat. ch. 24, § 10-1-18. Under Illinois law it is clear that plaintiffs, as career service employees, had an enforceable right to be dismissed only for cause. That is the effect of the pertinent provision of the Illinois Municipal Code.[3] This provision gave them a Fourteenth Amendment property interest in their continued employment. *Bishop v. Wood*, 426 U.S. 341, 96 S.Ct. 2074, 48 L.Ed.2d 684; *Board of Regents v. Roth*, 408 U.S. 564, 92 S.Ct. 2701, 33 L.Ed.2d 548; *Dauel v. Board of Trustees*, 768 F.2d 128, 129 (7th Cir.1985). Indeed plaintiffs had legitimate claims of entitlement to be dismissed only on charges that could be sustained by evidence. Since plaintiffs had a property interest in their jobs, they could be dismissed only in accordance with federal due process standards. *Dauel*, 768 F.2d at 131. Nevertheless they were discharged without the procedural protections accorded by the due process clause in that they did not receive prior notice and a meaningful opportunity to respond prior to termination. *Arnett v. Kennedy*, 416 U.S. 134, 170, 195-196, 226-227, 94 S.Ct. 1633, 1652, 1664-1665, 1680, 40 L.Ed.2d 15; *Schultz v. Baumgardt*, 738 F.2d 231, 234-235 (7th Cir.1984).

In a case decided about two months after *Misek*, the same district judge held that members of the Chicago Police Department enjoyed a property interest in their jobs through custom. *Auriemma v. City of Chicago*, 601 F.Supp. 1080 (N.D.Ill.1984), reproduced in R. Item 25. But here the plaintiffs' property interest is stronger because it stems from the Illinois Municipal Code and a Chicago Municipal Ordinance. Because *Auriemma* required notice and a hearing for demotions, these plaintiffs were entitled to notice and a hearing.

### B. *Reorganization Exception*

■ As Judge Aspen recognized, there is an exception to a hearing right when the discharge is caused by reorganization. *Chestnut v. Lodge*, 34 Ill.2d 567, 216 N.E.2d 799 (1966); *Fitzsimmons v. O'Neill*, 214 Ill. 494, 73 N.E. 797 (1905). However, plaintiffs have consistently claimed in their complaint and in their briefs that the so-called reorganization of the Chicago Health Systems Agency was purely pretextual in an effort to replace plaintiffs with others favored by the acting Executive Director of the agency. In view of the allegations in their complaint and the arguments in their briefs, it was erroneous for the district court to assume that the plaintiffs were discharged in a reorganization. Slip op. 5, Plaintiffs' App. A-1. Indeed defendants submitted no affidavits or evidence to contradict plaintiffs' assertions that there was no reorganization of the agency.

---

**3.** Ill.Rev.Stat. ch. 24, § 10-1-18 provides as follows:

Except as hereinafter provided in this section, no officer or employee in the classified civil service of any municipality who is appointed under the rules and after examination, shall be removed or suspended for a period of more than 30 days, except for cause upon written charges and after an opportunity to be heard in his own defense.

Chicago Mun.Ord. ch. 25, § 6, has the same effect by providing for hearings of all charges against career service employees.

The cases relied upon by the district court are easily distinguishable. In each of those cases the plaintiffs were questioning the motives behind actual reorganizations; here plaintiffs allege no reorganization took place. For example, in *Fitzsimmons*, 214 Ill. 494, 73 N.E. 797, the plaintiff's position was abolished when the city council failed to appropriate funds. The Illinois Supreme Court held that the statute conferring the property interest did not apply "where the incumbent is dismissed for want of funds, or in order to reduce expenses." *Id.* at 503, 73 N.E. 797. Similarly, in *Chestnut v. Lodge*, 34 Ill.2d 567, 216 N.E.2d 799 (1966), the court held that plaintiffs were not entitled to an administrative hearing when their jobs in the Department of Conservation were abolished. On remand to the state court of appeals, plaintiffs argued that their job abolitions were tainted by political motives. The court held that because the jobs had been eliminated, plaintiffs' discharges were not for "cause." 77 Ill.App.2d 281, 288, 222 N.E.2d 36 (1966). Finally, in *Thomas v. City of Springfield Civil Service Cm.*, 106 Ill.App.3d 939, 62 Ill.Dec. 726, 436 N.E.2d 752 (1982), the plaintiffs admitted that their jobs were abolished, but complained that the reorganization was the result of improper discriminatory motives. The court held that the plaintiffs were not entitled to a pre-termination hearing to determine bad faith in the event of reorganization. *Id.* at 942, 62 Ill.Dec. 726, 436 N.E.2d 752.

These cases are factually distinguishable from the case before us. In each of the above cases the plaintiffs admitted that their jobs had been abolished and that a reorganization had in fact taken place. Here the plaintiffs assert that the reorganization was a sham and that their jobs were never abolished. Thus the plaintiffs have sufficiently alleged that they were fired for "cause" to afford them the protections of due process. To hold otherwise would allow government officials to cry "reorganization" in order to circumvent the constitutional and statutory protections guaranteed Illinois and Chicago employees.

### C. Application of Controlling Legal Principles

Defendants do not contend that plaintiffs were mere employees at will with no protectible property interest. *Lyznicki v. Board of Education, School District 167*, 707 F.2d 949, 950 (7th Cir.1983). Accordingly, absent good cause, they were improperly dismissed unless on remand it should be determined that their discharge was pursuant to an actual reorganization of the agency. Because of the existence of their property rights, plaintiffs were entitled to prior notice, genuine reasons for the discharge, and an opportunity to respond prior to termination. *Arnett v. Kennedy*, 416 U.S. at 170, 94 S.Ct. at 1652; *Smith v. Board of Education*, 708 F.2d 258, 261 (7th Cir.1983).

The complaint was improperly dismissed because it does not appear beyond doubt that plaintiffs could prove no set of facts in support of their claim which would entitle them to relief. *Conley v. Gibson*, 355 U.S. 41, 78 S.Ct. 99, 2 L.Ed.2d 80. Of course, if defendants on remand could show that plaintiffs were discharged pursuant to a reorganization in fact, plaintiffs would not be entitled to relief. See *supra* at IIB.

While the original complaint adequately charges that the reorganization was a sham, the amended complaint expands on this point. Therefore, on remand plaintiffs should be granted leave to file the amended complaint.

### III. CONCLUSION

The August 29, 1984, judgment for defendants is reversed and the cause is remanded for further proceedings. Circuit Rule 18 shall apply.