DANE COUNTY, Plaintiff-Respondent,

v.

Jerry D. McCARTNEY, Defendant-Appellant.

Court of Appeals

*No. 91-1407. Submitted on briefs December 9, 1991.—Decided January 22, 1992.*

(Also reported in 480 N.W.2d 830.)

On behalf of the defendant-appellant, the cause was submitted on the briefs of *Michael R. Fox* and *Mary E. Kennelly* of *Fox & Fox, S.C.* of Madison.

On behalf of the plaintiff-respondent, the cause was submitted on the brief of *Lester A. Pines* and *Stephen E. Ehlke* of *Cullen, Weston, Pines & Bach* of Madison.

Before Cane, P.J., LaRocque and Myse, JJ.

CANE, P.J. Jerry McCartney appeals a judgment in favor of Dane County holding that sec. 46.23(3)(d), Stats., does not guarantee McCartney continued employment with the Dane County Department of Human Services with the same seniority, status and benefits, and dismissing McCartney's counterclaim against the county alleging due process violations. McCartney argues that sec. 46.23(3)(d) unconditionally guarantees his continued employment with the same seniority, status and benefits as he previously enjoyed, as a protection during the social services department's reorganization. He also contends that his termination and subsequent demotion in violation of sec. 46.23(3)(d) and the removal of his administrative duties while he was required to undergo retraining violated his due process rights. We disagree and affirm the judgment.

McCartney was director of the Dane County Department of Social Services. The county executive informed McCartney by letter dated April 11, 1989, that he was not satisfied with McCartney's performance, the quality and quantity of information McCartney personally had regarding the department and the amount of time McCartney spent at the office and work-related activities. As a result, the county executive relieved McCartney of his administrative duties so that McCartney could undergo six months of retraining. The retraining consisted of McCartney's working along with employees in each area and office of the social services department to become familiar with the actual jobs performed. The purpose was to enable McCartney to better plan for and supervise the social services department.

Effective July 1, 1989, the county reorganized the social services department and the community support and health services department into the human services department, pursuant to ch. 46, Stats. As a result of the

959

reorganization, the director of the social services department position was abolished effective December 1, 1989. On July 14, 1989, the county informed McCartney about the reorganization, opportunities for reemployment and other civil service rights. McCartney interviewed for numerous positions with the human services department but was not hired. On November 3, 1989, the director of the human services department provided McCartney with formal notification that his position as director of the social services department would be eliminated effective December 1, 1989, due to the reorganization. McCartney was unemployed from December 1, 1989, until April 30, 1990, when he accepted the position of human services program specialist. However, this position had a lower salary range than the director of social services department position.

On January 3, 1990, the county filed a declaratory judgment action, naming McCartney as a defendant, requesting a declaration of rights and obligations under sec. 46.23(3)(d), Stats. McCartney brought a counterclaim alleging that the county violated his due process rights. The county moved for summary judgment on the basis that sec. 46.23(3)(d) did not unconditionally guarantee McCartney continued employment with the same status, seniority or benefits. The trial court granted summary judgment in favor of the county. It also granted the county's motion to dismiss McCartney's counterclaim for failure to state a claim upon which relief could be granted.

## SECTION 46.23(3)(d), STATS.

■ We first address whether sec. 46.23(3)(d), Stats., unconditionally guarantees McCartney continued employment with the same seniority, status and benefits

as he held in his director of social services position. We review a summary judgment de novo. *Grosskopf Oil v. Winter,* 156 Wis. 2d 575, 581, 457 N.W.2d 514, 517 (Ct. App. 1990). This court has set forth the methodology for reviewing a summary judgment many times, and it need not be repeated here. *See Grams v. Boss,* 97 Wis. 2d 332, 338, 294 N.W.2d 473, 476 (1980). The material facts are undisputed, and this issue involves the construction and application of sec. 46.23(3)(d). The construction and application of a statute to undisputed facts is a question of law that we also review de novo. *Gonzalez v. Teskey,* 160 Wis. 2d 1, 7-8, 465 N.W.2d 525, 528 (Ct. App. 1990).

Section 46.23(3)(d), Stats., provides:

> Employe Protections. All persons employed by a county or by the state, whose functions are assumed by a county department of human services *shall* continue as employes of the county department of human services without loss in seniority, status or benefits, *subject to the merit or civil service system.* (Emphasis added).

Whether sec. 46.23(3)(d) unconditionally guarantees McCartney continued employment with the same seniority, status or benefits depends upon the interpretation of the phrase "subject to the merit or civil service system."

■

When interpreting a statute, we first look to the statutory language, and, if the statute's meaning is clear, we will not look outside the statute. *McMullen v. LIRC,* 148 Wis. 2d 270, 274, 434 N.W.2d 830, 832 (Ct. App. 1988). Only if the statute is ambiguous are we permitted to look beyond the statutory language. *In re J.S.P.,* 158 Wis. 2d 100, 107, 461 N.W.2d 794, 797 (Ct. App. 1990). A statute is ambiguous only if it is capable of two or

more reasonable interpretations. *See State ex rel. Newspapers, Inc. v. Showers,* 135 Wis. 2d 77, 87, 398 N.W.2d 154, 159 (1987). Here, two constructions of sec. 46.23(3)(d) have been postulated.

The county argues that the "subject to" phrase modifies the right to continued employment. In other words, it claims that McCartney's continued employment during reorganization is conditioned upon the civil service rules. The county contends that McCartney had the right to continued employment unless the civil service rules provided otherwise.

McCartney argues that the county's interpretation renders the term "shall" superfluous. He contends that the "subject to" clause does not modify the right to continued employment, but, rather, merely clarifies that employees of the human services department continue to be governed by the civil service rules, whether those rules were previously in effect or newly created by the human services department. McCartney interprets sec. 46.23(3)(d), Stats., to provide unconditional, guaranteed and absolute continued employment without loss in seniority, status or benefits during a reorganization. We conclude that McCartney's interpretation is unreasonable.

McCartney attempts to bolster his interpretation by arguing that the legislative history and prior interpretations of sec. 46.23(3)(d), Stats., are consistent with his construction. First, we are not permitted to look beyond the statutory language to the legislative history to give meaning to an unambiguous statute. *See McMullen,* 148 Wis. 2d at 274, 434 N.W.2d at 832. Second, the interpretation of sec. 46.23(3)(d), Stats., by the Dane County assistant corporation counsel is irrelevant, not authoritative and not persuasive because it did not discuss the impact of the "subject to" clause. McCartney relies on a

letter from Attorney General Bronson C. LaFollette, dated May 21, 1982. However, in that letter, the attorney general also did not address the meaning of the "subject to" clause, and he held that the employee could be laid off when such layoff was more than one year after the ch. 46 reorganization. To argue, as McCartney asserts, that the attorney general's decision forbids the layoff of an employee within one year of the reorganization, without addressing the meaning of the "subject to" clause, lacks merit.

Finally, McCartney contends that *Yonash v. County of Jefferson,* Decision and Order of the Department of Health and Social Services (Nov. 9, 1979), supports his construction of sec. 46.23(3)(d), Stats. In *Yonash,* the director of the social services department was laid off when his department was merged with another to create the human services department. The hearing examiner concluded that the director was laid off in accordance with the applicable merit system rules and, because the director was offered simultaneous employment without any deductions in salary, sec. 46.23(9), Stats.,[1] was complied with. That decision did not reach the issue here, namely, whether a layoff and subsequent demotion (lower paying job) are contrary to the protections afforded in sec. 46.23(3)(d). Thus, we disagree that *Yonash* supports McCartney's construction of the statute.

Section 46.23(3)(d), Stats., states that persons shall continue as employees, subject to the civil service rules. The effect of McCartney's interpretation would mean that the county could never lay off employees during a reorganization when the very purpose of the reorganization is to enable the county to provide a comprehensive

---

[1]Section 46.23(9) is the predecessor statute to sec. 46.23(3)(d) and contains the same language.

range of human services to all citizens in a more stream-lined and efficient manner. *See* sec. 46.23(1), Stats. It is also unreasonable to construe the statute in a manner that allows employees to be laid off pursuant to the civil service rules at any time except during reorganization. Furthermore, there would be no reasonable cutoff for the guaranteed employment. Under such an interpretation there is no way to determine whether employees' rights to continued employment protect them for one month, six months, one year or ten years. Finally, the word "shall" is not rendered superfluous by the county's inter-pretation. It simply means that employment is contin-ued during the reorganization unless the civil service rules provide otherwise.

■ The only reasonable interpretation of sec. 46.23(3)(d), Stats., is that the "subject to" clause modi-fies the continued employment clause. This interpreta-tion is consistent with the statute's clear meaning and language. Therefore, because the statute has only one reasonable interpretation, it is unambiguous and we look no further than its language to interpret and apply it. *See J.S.P.,* 158 Wis. 2d at 107, 461 N.W.2d at 797.

Next, we address whether McCartney's layoff and demotion violated sec. 46.23(3)(d), Stats. McCartney was employed by the county as director of the social services department. His functions were assumed by the human services department when the human services department was created and the social services depart-ment was abolished. Thus, under sec. 46.23(3)(d), McCartney was entitled to continued employment with the human services department without loss in seniority, status or benefits, subject to the civil service system. As we concluded earlier, this means that McCartney was entitled to continued employment and the protections of

964

46.23(3)(d), unless the civil service rules stated otherwise.

The civil service rules in effect during McCartney's layoff and demotion are provided in ch. 18 of the county ordinances. McCartney was a civil service employee subject to the requirements of ch. 18. Ordinance 18.11, entitled Layoffs and Reclassifications, states in part:

> (1) Whenever it becomes necessary, in the interests of economy or because the necessity for the position involved no longer exists, the board may abolish any position in the civil service. Any employee holding such a position shall be laid off and shall be placed on the reemployment list.

The county complied with ordinance 18.11. The necessity for McCartney's position as director of the social services department ceased to exist when that department was abolished. Thus, the county was entitled to abolish McCartney's position. The section also authorized the county to lay off McCartney. Furthermore, because McCartney was placed on the reemployment list, his layoff complied with ordinance 18.11.

The county was also required to comply with ordinance 18.09(10)(a) regarding mandatory reemployment. That ordinance provides in part:

> (a) Mandatory Reemployment. Employees laid-off shall be placed on the reemployment lists for their classifications of employment prior to layoff or for other classifications that they qualify for which are equal or below the pay range of their classifications in the order of seniority . . ..

The county's "demotion" or reemployment of McCartney as human services program specialist, a position in a lower pay range than the former director of the social

965

services department position, was also in compliance with the civil service rules. The civil service rules allow laid off employees to be placed on reemployment lists for their classifications of employment or for other classifications equal to or below the pay range of their classifications.

■ The county did not violate sec. 46.23(3)(d), Stats., because McCartney's right to continued employment with the same seniority, status and benefits as he had as director of the social services department was not an unconditional guarantee. Rather, McCartney's rights under sec. 46.23(3)(d) were conditioned upon the county's meeting the civil service rule requirements. The county complied with the civil service rules when it laid off McCartney and reemployed him in a position with a lower pay range. Thus, the county did not violate sec. 46.23(3)(d).

## DUE PROCESS

McCartney also contends that the trial court improperly dismissed his counterclaim, alleging due process violations against the county. Although the trial court's decision is described as a dismissal for failure to state a claim, the trial court actually decided the issue as a motion for summary judgment under sec. 802.06(2), Stats., because it considered facts outside of the pleadings. Section 802.06(2) provides that a motion to dismiss shall be treated as a motion for summary judgment where the trial court considers matters outside of the pleadings. Therefore, we apply the standard of review applicable to summary judgments. We review summary judgments de novo. *Grosskopf Oil,* 156 Wis. 2d at 581, 457 N.W.2d at 517.

McCartney contends that the county violated his due process rights when, without just cause, it temporarily assigned his administrative duties to another and required him to undergo retraining, and it terminated his position and demoted him. To establish a due process violation, one must show that he had a property interest and that he was deprived of the property interest without due process of law. *Cornelius v. LaCroix,* 838 F.2d 207, 210 (7th Cir. 1988). To have a property interest in a benefit, a person must have a legitimate claim of entitlement to the benefit. *Hough v. Dane County,* 157 Wis. 2d 32, 40, 458 N.W.2d 543, 546 (Ct. App. 1990). The rights of an employee terminable only for cause are considered property rights, and this means the employee is entitled to notice and an opportunity to be heard prior to termination of his employment. *Hanson v. Madison Serv. Corp.,* 150 Wis. 2d 828, 835–36, 443 N.W.2d 315, 317 (Ct. App. 1989).

We first address McCartney's argument that because the county did not continue his employment without loss in seniority, status or benefits and, thus, did not comply with sec. 46.23(3)(d), Stats., it violated his due process rights. Because, as indicated earlier, we conclude that, as a matter of law, the county complied with sec. 46.23(3)(d) and McCartney was not entitled to unconditional continued employment without loss in seniority, status or benefits, McCartney's claim fails.

Alternatively, McCartney contends that he had a property interest in his job and that when the county terminated his position and demoted him without notice and a hearing, it violated his due process rights. As a civil service employee terminable only for just cause under Dane County ordinance 18.13, McCartney had a

property interest in his employment. *See Hanson,* 150 Wis. 2d at 835–36, 443 N.W.2d at 317–18. Consequently, under the general rule, McCartney would normally be entitled to notice and a hearing.

However, an exception to the general rule was recognized in *Misek v. City of Chicago,* 783 F.2d 98 (7th Cir. 1986). In *Misek,* the plaintiffs, as career service employees, were terminable only for cause. *Id.* at 100. They argued that the city of Chicago discharged them without cause under a pretextual reorganization of their employing agencies and thereby violated their due process rights. *Id.* at 99. The court recognized that there is an exception to a due process hearing right when the discharge is caused by an actual reorganization. *Id.* at 100. It concluded that if the city could show that the plaintiffs were discharged pursuant to a reorganization in fact, the plaintiffs' due process rights were not violated. *Id.* at 101.

██

Under *Misek,* where an employee's discharge is the result of a reorganization, the employee has no due process right to a hearing. *See id.* at 100–01. Numerous other federal and state courts have recognized and followed what has been called the "reorganization exception," namely, when a reorganization or cost-cutting measure results in the dismissal of an employee, that employee does not have a due process right to a hearing, despite the presence of a terminable for just cause only rule. *See id.* at 100; *Duffy v. Sarault,* 892 F.2d 139, 147 (1st Cir. 1989); *Acevedo Cordero v. Cordero Santiago,* 764 F. Supp. 702, 711 (D. Puerto Rico 1991); *Conroy v. City of Chicago,* 708 F. Supp. 927, 944 (N.D. Ill. 1989); *Hartman v. City of Providence,* 636 F. Supp. 1395, 1410–17 (D.R.I. 1986).

Here, the county provided notice to McCartney that he was going to be laid off because his position was being abolished pursuant to a reorganization. It is undisputed that the county eliminated McCartney's position pursuant to the reorganization and never gave McCartney an opportunity to respond to the decisions to reorganize and terminate his position. McCartney does not claim he was discharged under a pretextual reorganization. As discussed earlier, the county's actions were in compliance with sec. 46.23(3)(d), Stats., and the civil service ordinances. Under these circumstances, the reorganization exception to the due process right to a hearing applies, and, thus, McCartney had no due process right to a hearing. *See Misek,* 783 F.2d at 100; *Duffy,* 892 F.2d at 147. Therefore, McCartney's due process rights were not violated.

Next, we address McCartney's claim that when, without just cause, his administrative duties were temporarily assigned to another employee in order to allow him to undergo retraining, he was denied due process. McCartney alleges that he had a property interest in his position as the director of the social services department, and that the required retraining was a demotion. We recognize that McCartney has a property interest in his position, but we conclude that the required retraining was neither a demotion nor a deprivation of his property interest.

As indicated earlier, sec. 46.23(3)(d), Stats., deals with continued employment without loss in seniority, status or benefits during reorganization. It does not address whether an employee may be required to undergo retraining in order to better understand and perform his job duties. However, the County Personnel Administrative Practices Manual allows for retraining and indicates that retraining is a corrective action.

969

Although the manual requires just cause when an employee is charged with an infraction or subject to a disciplinary action, it does not require just cause before an employee is required to participate in retraining. Additionally, while we recognize that ch. 18 requires just cause for an employee's demotion, we reject McCartney's claim that his retraining was a demotion. Ordinance 18.04(5) defines a demotion as a permanent movement of an employee to a lower salary range. McCartney was required to undergo six months of retraining, during which time he continued to receive his salary as director of the social services department.

 McCartney's administrative duties were only temporarily reassigned to enable him to undergo retraining. Section 46.23(3)(d), Stats., the manual and ordinance 18.13 do not require just cause before the county can insist McCartney undergo retraining. The retraining was an educational tool to improve McCartney's skills as the director, and it did not deprive him of his property interest. Retraining programs are not unusual and in many cases are necessary where employees must maintain their job skills. Thus, McCartney's claim that the county violated his due process rights when his administrative duties were temporarily assigned to another to enable him to undergo retraining fails.

*By the Court.*—Judgment affirmed.