86 F.3d 1161
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Deborah M. BLESER, Plaintiff-Appellant,
v.
Arlene LOBLE, individually and in her official capacity;
City of Wilsonville, an Oregon municipal
corporation, Defendants-Appellees.
 No. 94-36251.
 United States Court of Appeals, Ninth Circuit.
 Argued and Submitted May 10, 1996.
Decided May 23, 1996.
 
 Before: GOODWIN, SKOPIL, and SCHROEDER, Circuit Judges.
 
 
 1
 MEMORANDUM*
 
 
 2
 Plaintiff-Appellant Deborah Bleser was laid off from her position as Parks and Recreation Director for the city of Wilsonville, Oregon, and brought this combined contracts action and a civil rights claim under 42 U.S.C. § 1983. The district court granted summary judgment for the city and City Manager Arlene Loble on the civil rights claims, and for Loble on all claims. The contract claims against the city were tried to a jury. After a verdict for the city, the district court denied Bleser's motion for a new trial. We affirm.
 
 I. FACTS AND PROCEDURAL BACKGROUND
 
 3
 The city did not dispute that Bleser had performed her duties as Parks and Recreation Director in an acceptable manner. In 1992, the city fell on hard times financially and, when a levy failed, Defendant Loble laid off Bleser on June 30, 1993 as part of the necessary staff reductions. In April, when it became clear that the city could no longer finance the incumbent staff, Bleser herself had recommended that her own job was one that could be eliminated. Bleser knew about the impending layoff in April, resisted her own layoff by letters and conversations, and sought other placement within the city staff until her June 30 letter of termination.
 
 
 4
 Bleser alleged that she was laid off, not because of the budget shortfall, but rather as "a disguised disciplinary action" resulting from longstanding animosity between Bleser and a member of the City Council. Bleser claims further that she was more qualified than other city employees holding inferior positions and that she was entitled to "bump" other employees to stay on the payroll, pursuant to a city personnel policy referred to as "Resolution 229." The district court concluded from the motion papers that no material question of fact was presented to support Bleser's claim that her firing was in any sense retaliatory, or in violation of her property rights subject to Fourteenth Amendment protection. The court accepted the argument of Loble and the city that Bleser had proper notice and opportunity to be heard before her job was terminated, and accordingly decided the due process question as a matter of law. After the jury trial on the contract claim, the jury was instructed, and by its verdict determined that Bleser's contract claim was barred because she had failed to follow the city's published grievance procedures. Bleser argued that the grievance procedure was optional. The jury did not agree. Bleser filed a timely notice of appeal.
 
 
 5
 A. The § 1983 Claims.
 
 
 6
 We agree with the district court that no reasonable trier of fact could have found that Loble or the city violated Bleser's civil rights under § 1983. Bleser's first claim, that her layoff was a disguised disciplinary action, relies solely on the "weak reed" of evidence that Ms. Van Eck had previously urged Loble and her predecessors to fire Bleser. As the district court noted, Bleser never rebutted the evidence offered by Loble and the city that the Ms. Van Eck's feelings about Bleser did not affect Loble's ultimate decision in any way.
 
 
 7
 Bleser's second § 1983 claim charges that the city failed to provide her with notice and a hearing before discharging her. Other courts have recognized an exception to an employee's right to a hearing when the discharge is caused by reorganization or restructuring. See, e.g., Misek v. City of Chicago, 783 F.2d 98, 100 (7th Cir.1986). The Ninth Circuit has not recognized the reorganization exception, holding instead that government employees who have a property interest in their positions may not be laid off without prior notice and an opportunity to respond. See Clements v. Airport Authority, 69 F.3d 321, 332 (9th Cir.1995). "Although the pre-termination hearing need not be elaborate, 'some kind of hearing' must be afforded the employee prior to termination." Id. at 331-32 (quoting Cleveland Bd. of Educ. v. Loudermill, 470 U.S. 532, 541 (1985)).
 
 
 8
 Assuming, as did the district court, that Bleser had a protected property interest in continued employment with the city, her due process claim fails because she received notice and took the opportunity to respond. Bleser knew months before her layoff that if the levy failed, major cutbacks would have to be made in her department. As noted, Bleser recommended to the City Council on May 5, 1993, that her own position be eliminated. While she may not have received formal notice that she was the one to be laid off, the record reflects that Loble told Bleser in late May that Bleser would be laid off.
 
 
 9
 Moreover, she not only had an opportunity to respond, but did respond by proposing two alternatives to Loble in a letter dated May 28, 1993. In a letter dated June 16, 1993, Loble wrote, "I have looked carefully at the options you outlined in your May 28, 1993 memorandum but came to the conclusion that I could support neither option, and here are my reasons[.]"
 
 
 10
 The city charter provided that "[t]he [city] manager shall .. appoint and may remove ... city ... employees." Id. at 56. Thus, Bleser had and took an opportunity to respond to the one person who had the discretion to evaluate and possibly implement her proposal. Bleser's choice to present her side by writing a memo instead of orally at a formal hearing she could have demanded does not change the fact that she had an opportunity to respond in a meaningful way to the city's announced plans to lay her off. Furthermore, Resolution 229, which the jury found to be binding on the parties, provided for a further appeal to the City Council, a procedure which Bleser chose not to use. Under these circumstances, there can be no question that Bleser received the process due.
 
 
 11
 B. The Contract Claims.
 
 
 12
 The jury found that Resolution 229 did create a contract between the city and Bleser, and that the city breached the contract by failing to make "every reasonable effort to integrate [Bleser] into another department by transfer" after she was laid off. See Resolution 229, § 2.8, E.R. at 150. However, the jury also found that Bleser failed to satisfy a condition precedent of the contract; namely, that she failed to follow the grievance procedures outlined in Resolution 229, which were mandatory.
 
 
 13
 Because these findings were supported by at least some evidence in the record, the district court did not abuse its discretion in denying Bleser's motion for a new trial. Bleser argued at trial that several words and phrases of Resolution 229 were ambiguous, casting doubt on whether the Resolution was "intended to be the sole or exclusive method of resolving disputes with employees." Her argument would be more persuasive had this issue been decided on summary judgment, but on a motion for a new trial, the court was bound by the jury verdict. The jury had determined the intent of the parties and construed the employment contract consistently with that intent. See Oregon Sch. Employees Ass'n v. Rainier Sch. Dist., 808 P.2d 83, 87 (Or.1991). Here, the jury weighed the evidence and found that the parties intended the grievance procedures to be mandatory. Bleser's disagreement with the jury's verdict is understandable, but does not warrant setting it aside. See Landes Constr. Co. v. Royal Bank of Canada, 833 F.2d 1365, 1372 (9th Cir.1987).
 
 
 14
 AFFIRMED.
 
 
 
 *
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36-3