In the

# United States Court of Appeals

### For the Seventh Circuit

No. 10-2481

SHEILA SCHULZ,

*Plaintiff-Appellant,*

*v.*

GREEN COUNTY, STATE OF WISCONSIN,

*Defendant-Appellee.*

Appeal from the United States District Court
for the Western District of Wisconsin.
No. 09 C 00298—**William M. Conley,** *Chief Judge.*

ARGUED APRIL 5, 2011—DECIDED JULY 20, 2011

Before EASTERBROOK, *Chief Judge*, and BAUER, *Circuit Judge*, and YOUNG, *District Judge.**

BAUER, *Circuit Judge.* Sheila Schulz alleges that Green County deprived her of a property interest in her job

---

* The Honorable Richard L. Young, Chief Judge of the United States District Court for the Southern District of Indiana, sitting by designation.

without due process, in violation of 42 U.S.C. § 1983. The district court granted summary judgment in favor of Green County. We affirm.

## I. BACKGROUND

Pursuant to Chapters 48 and 938 of the Wisconsin statutes, Green County must employ at least one juvenile-intake worker who provides statutorily defined services related to juveniles. Because of its small size, Green County has the option to provide these services through the circuit court, the Human Services Department, or both.

From 1997 to 2008, Schulz served as Green County's chief juvenile-intake worker. Her position was "court-attached," meaning that it was under the supervision and control of the Green County Circuit Court. Her duties included supervising the work of part-time workers, and she was paid $26.99 per hour.

In December 2008, the Green County Board of Supervisors passed a resolution eliminating the court-attached juvenile-intake position (effective January 1, 2009) and created a "social worker I/II" position within the County's Human Services Department. In other words, the Board removed the juvenile-intake position from the auspices of the circuit court and created a new juvenile-intake position within the Human Services Department. The Board did so in order to save costs—in the form of less overtime, fewer part-time juvenile-intake workers, and fewer on-call employees—and to ensure that a juvenile-intake worker was available twenty-four hours a day, as required by statute.

Although the Board was not required to make the juvenile-intake position part of a collective bargaining unit, it chose to make the social worker I/II position part of FSCME Local 1162-A. Under the bargaining agreement between this union and Green County, "[a]ll unit vacancies shall be posted within five (5) working days after the Employer determines that a vacancy exists which it intends to fill," and it shall remain posted for five working days. In accordance with this agreement, the County posted the vacancy of the social worker I/II position for five days, starting on December 10, 2008. After no union employees applied for the new position, Green County's Corporation Counsel sent Schulz an application and encouraged her to apply. Schulz applied, and the County immediately offered her the position. While this new position required the performance of many of the same duties, it no longer required Schulz to supervise others. Therefore, when Schulz's court-attached juvenile-intake position expired on January 1, 2009, she immediately started working in her new position with the Human Services Department, at a loss of seniority and a lower hourly rate of $19.28.

## II. ANALYSIS

The district court granted summary judgment in favor of Green County because it eliminated Schulz's court-attached position in connection with a legitimate governmental reorganization. We review the grant of summary judgment de novo, considering the evidence in a light most favorable to Schulz. *Gunville v. Walker*, 583 F.3d 979, 985 (7th Cir. 2009).

As a general rule, a government employee who may be discharged only for cause has a constitutionally protected property interest in her position and may not be removed from it without due process.[1] *Gilbert v. Homar*, 520 U.S. 924, 928 (1997). When a government eliminates an employee's position in connection with a "legitimate governmental reorganization," however, the employee is not entitled to notice or a hearing. *Misek v. City of Chicago*, 783 F.2d 98, 100-01 (7th Cir. 1986). This has been called the reorganization "exception,"[2] but it is more aptly described as the reorganization "rule." We prefer this term because an employee has a constitutionally protected property interest in a *given position*—not in her employment or a particular wage—and once the government abolishes the position, the employee has nothing in which she can claim an entitlement. A reorganization thus does not "exempt" a government from con-

---

[1] We ordinarily begin our analysis by determining whether the plaintiff had a protected property interest in her job. *See, e.g., Lalvani v. Cook County*, 269 F.3d 785, 791 (7th Cir. 2001). Because Green County concedes that she did, we need not address this issue.

[2] *See, e.g., Upshaw v. Metropolitan Nashville Airport Authority*, 207 Fed. Appx. 516, 519 (6th Cir. 2006); *Theis v. Denver Board of Water Commissioners*, 149 F.3d 1191 (10th Cir. 1998); *Bleser v. Loble*, 86 F.3d 1161 (9th Cir. 1996); *Duffy v. Sarault*, 892 F.2d 139 (1st Cir. 1989); *Misek*, 783 F.2d at 100-01; *Dane County v. McCartney*, N.W. 2d 830 (App. Ct. 1992). *See also Hartman v. City of Providence*, 636 F. Supp. 1395 (D.R.I. 1986) (collecting cases).

stitutional due process requirements; it simply eliminates the employee's property interest. *See Mandel v. Allen*, 889 F. Supp. 857, 866 (E.D. Va. 1995) (citing *Misek*, 783 F.2d at 100-01).

The reorganization rule reflects the difference between legislative and adjudicative decisions. For example, welfare recipients have property rights in their benefits, but only in the sense that they may have legitimate claims of entitlement to whatever benefits the legislature creates. If Congress changes the rules, there is no right to notice and a hearing because there is no property right in the structure of the program. *See Bowen v. Gilliard*, 483 U.S. 587 (1987); *Atkins v. Parker*, 472 U.S. 115 (1985); *Mandel*, 889 F. Supp. at 866 (citing *Goldsmith v. Baltimore*, 845 F.2d 61, 65 (4th Cir. 1988)); *Hartman v. City of Providence*, 636 F. Supp. 1395, 1410 (D.R.I. 1986) (stating that "[t]his distinction . . . preserves to government the right flexibility to address systemic needs while preserving to the employee meaningful protection against job actions directed specifically against him or her) (collecting cases). Similarly, a Medicare patient in a nursing home has a legitimate claim of entitlement (and thus a property right) in continuing care, but not in a substandard home. If the Medicare program cuts off the entire nursing home, individual patients do not get separate hearings. *See O'Bannon v. Town Court Nursing Center*, 447 U.S. 773 (1980).

A governmental reorganization, however, does not always avoid the need for due process. When a purportedly legislative decision affects one person (or a small number of people, as in *Misek*), it is possible that the

effect of the reorganization on a single person is the object of the exercise rather than the byproduct. *See West v. Grand County*, 967 F.2d 362, 367-68 (10th Cir. 1992) (discussing the effect of a large number of plaintiffs). In those cases, it is possible to ask whether the reorganization was pretextual, designed to harm a specific employee rather than in spite of her or with indifference to its effects on her.[3] *See e.g., Misek*, 783 F.2d at 100-01. We have previously referred to this as "challenging the legitimacy of the reorganization." *See e.g., Campana v. City of Greenfield*, 38 Fed. Appx. 339, 341 (7th Cir. 2002); *Gunville,* 583 F.3d at 989; *Cromley v. Board of Education*, 17 F.3d 1059, 1068 (7th Cir. 1994). We note, however, that in this context the term "legitimacy" derives only from the longer phrase "legitimate governmental reorganization" and does not suggest that an employee may argue that the legislative decision to reorganize was not in compliance with federal regulation.

In this case, Schulz argues that her juvenile-intake position was not "abolished in fact" because the court-attached juvenile-intake position is very similar to the new social worker I/II position. Citing *Misek* and other similar cases, Schulz contends that the similarity between the two positions entitled her to due process. Giving Schulz the benefit of the doubt, it appears that

---

[3]  Our cases uses the terms "pretext" and "sham" interchangeably. *See, e.g., Misek,* 783 F.2d at 100-01; *Dudas v. Snider,* 1990 U.S. App. LEXIS 20978 (7th Cir. 1998); *Doe v. Cook County*, 2010 U.S. Dist. LEXIS 63153 (N.D. Ill 2010). For clarity, we will only use the term "pretext."

she is arguing that the County's reorganization was a pretext for removing her from the court-attached juvenile-intake position. We disagree.

Although Schulz would have us focus on the similarities between the court-attached and social worker I/II positions, this focus is misplaced. The relevant question is whether the governmental reorganization was a pretext for harming Schulz; in this respect the similarities between the old and new positions may be relevant, but it is not controlling. *See e.g., Misek*, 783 F.2d at 100-01; *West v. Grand County*, 976 F.2d 362, 368 (10th Cir. 1992) (relying on *Misek*); *Felde v. Town of Brookfield*, 570 F. Supp. 2d 1070, 1074-75 (E.D. Wis. 2008); *Campana v. City of Greenfield*, 164 F. Supp. 2d 1078, 1092-94 (E.D. Wis. 2001). Here, the evidence before us indicates that the County reorganized to save costs, not to rid itself of Schulz; had the County reorganized merely to terminate Schulz's employment, its decision to rehire Schulz for the social worker I/II position would be inexplicable. Because nothing in the record suggests that saving money was a pretext for something else, we affirm the district court's holding that the County eliminated Schulz's court-attached juvenile-intake position in conjunction with a legitimate governmental reorganization and that Schulz was thus not entitled to due process.

### III.  CONCLUSION

For the foregoing reasons, we AFFIRM the judgment of the district court.