11-3953-cv
Connolly v. City of Rutland

UNITED STATES COURT OF APPEALS
FOR THE SECOND CIRCUIT

**SUMMARY ORDER**

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT.  CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND  THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER").  A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated Term of the United States Court of Appeals for the Second Circuit, held at the Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, in the City of New York, on the 5th day of November, two thousand twelve.

Present:     PIERRE N. LEVAL,
             ROSEMARY S. POOLER,
             REENA RAGGI,
                         *Circuit Judges*.

_____

MARY SHAWN CONNOLLY,

                 *Plaintiff-Appellant*,

          -v-                                          11-3953-cv

CITY OF RUTLAND, VERMONT AND CHRISTOPHER LOURAS, INDIVIDUALLY AND IN HIS CAPACITY AS MAYOR OF THE CITY OF RUTLAND AND CHAIR OF THE CITY OF RUTLAND BOARD OF CIVIL AUTHORITY,

                 *Defendants-Appellants*.

_____

Appearing for Appellee:     Kevin J. Coyle, (John T. Leddy, *on the brief*), McNeil, Leddy & Sheahan, PC, Burlington, VT

Appearing for Appellant:    Paul S. Kulig, (Stephen E. Crowley, *on the brief*), Kulig & Sullivan, PC, Rutland, VT

Appeal from the United States District Court for the District of Vermont (Conroy, *M.J.*).

**ON CONSIDERATION WHEREOF, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of said District Court be and it hereby is **AFFIRMED**.

Plaintiff-Appellant, Mary Shawn Connolly ("Connolly") appeals from the district court's August 24, 2011 order, granting summary judgment to Defendants-Appellees, the City of Rutland and Mayor Christopher Louras, by denying Connolly's Due Process and First Amendment claims brought under 42 U.S.C. § 1983 and thereby dismissing state claims for lack of supplemental jurisdiction. We assume the parties' familiarity with the underlying facts, procedural history, and specification of issues for review.

We review the grant of summary judgment de novo. *Wright v. Goord*, 554 F.3d 255, 266 (2d Cir. 2009). Summary judgment is appropriate only "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a).

We affirm the district court's denial of Connolly's Due Process claim for substantially the reasons stated by the district court in its decision. When a "public employee is terminated, procedural due process is satisfied if the government provides notice and a limited opportunity to be heard prior to termination, so long as a full adversarial hearing is provided afterwards." *Locurto v. Safir*, 264 F.3d 154, 171 (2d Cir. 2001). We recognize that some of our sister circuits have adopted an exception to the normal due process hearing requirements where a defendant's dismissal is based on a reorganization plan or reduction-in-force and is unrelated to personal performance. *See*, *e.g.*, *Rodriguez-Sanchez v. Municipality of Santa Isabel*, 658 F.3d 125, 130 (1st Cir. 2011); *Misek v. City of Chicago*, 783 F.2d 98, 100 (7th Cir. 1986). We need not decide here whether we also adopt such an exception, Connolly received adequate process. She was afforded a pre-termination hearing at which she was given the chance to put forth arguments and evidence as to why she should not be terminated, and post-termination had the opportunity to avail herself of the review process pursuant to Vermont R. Civ. P. 75. We therefore rule that the district court was correct in granting summary judgment in favor of Defendants on Connolly's Due Process claim.

We affirm the district court's dismissal of Connolly's First Amendment retaliation claim finding that Connolly's speech did not amount to a matter of "public concern." *Connick v. Myers*, 461 U.S. 138, 147 (1983) (finding a public employee's speech is protected from employer retaliation under the First Amendment only where the employee spoke as a citizen on a matter of public concern). The *public concern test* applies where the allegedly protected conduct is the filing of a lawsuit. *See Borough of Duryea v. Guarnieri*, 131 S. Ct. 2488, 2495-96 (2011); *see also Ruotolo v. City of New York*, 514 F.3d 184, 188-90 (2d Cir. 2008) (affirming dismissal where "lawsuit did not constitute speech on a matter of public concern"). Therefore the inquiry into whether a lawsuit addresses a matter of "public concern" or private matters depends on "the content, form, and context of a given statement, as revealed by the whole record." *Connick*, 461 U.S. at 147-48. So, where the lawsuit is, as here, related entirely to an issue of private matters, such as Connolly's personal grievances as to her employment, it is inappropriate to find an issue of public concern. *Ruotolo*, 514 F.3d at 189 (filing lawsuit to redress personal grievances is not a matter of public concern). Therefore, we affirm the district court's finding that First

Amendment protection was inappropriate where the heart of the employee's lawsuit was to address personal matters against her employer. *Connolly v. City of Rutland*, 2011 WL 3739064, at *17 (D. Vt. Aug. 24, 2011).

We conclude that the district court properly granted the Defendants' motion for summary judgment.

Accordingly, the judgment of the district court hereby is AFFIRMED.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk